**In re Alan L.L. KEKAHUNA and Maydell L. Kekahuna, Debtors.**

**Bankruptcy No. 82–00283.**

United States Bankruptcy Court, D. Hawaii.

July 15, 1983.

Enver Painter, Honolulu, Hawaii, for debtors.

Guillermo M. Canlas, Honolulu, Hawaii, for creditor.

## ORDER DENYING APPLICATION TO RECONSIDER

JON J. CHINEN, Bankruptcy Judge.

On May 10, 1983, applicant filed an Application for a 205 Exam of Debtor requesting that debtors appear for examination in order that applicant may question debtors regarding claims in Adversary No. 82–0111, applicant's Complaint to Determine Dischargeability of Debt, filed on June 8, 1982. This application, in which applicant alleged that the duly-appointed Trustee was still acting, was approved by the Court. Subsequently, the Court was made aware that 82–00283, debtors' main bankruptcy case was closed on January 31, 1983, and an Order Vacating Order Requiring Appearance of Designated Person Under Rule 205(a) was entered herein on May 12, 1983, on the basis that the Application for 205 exam, having been filed after the main case was closed, was not timely filed.

The instant motion requests reconsideration of the vacating order. Although appli-

**14**

cant correctly states the issue as whether an Application for Examination of Designated Persons can be filed after the case is closed, debtor cites cases which allow examination of the debtor after discharge. The first case cited, *In re Peters,* 1 Am.B.R. 248 (1898), relies on the Bankruptcy Act of 1867 in determining that the trustee could be granted an opportunity to examine debtor after discharge to ascertain whether debtor had concealed property of the estate. The other case upon which applicant relies, *In Matter of Westfall Bros. & Co.,* 8 Am.B.R. 431 (1902), deals with whether debtor could be subpoenaed as a Witness after discharge at the request of the trustee. The court in *Westfall* determined that, since discharge could be revoked for a period up to a year, debtor could be required during this period to submit to an examination by Trustee to determine whether he has concealed property of the estate.

The Court finds that these cases, both being pre-Code cases decided 80 years ago and involving the Trustee's right to examine debtor after discharge, are not dispositive, noting that the Bankruptcy Rules were enacted in 1973 and the Code became effective in October 1979.

The Court notes that the instant case was closed and trustee was relieved of his duties in January of 1983 based on the Court's finding that, pursuant to 11 U.S.C. § 350(a), the estate had been fully administered. At the time of closing, the Court was aware of the Complaint in 82–0111.

Since applicant has not presented caselaw or authority which supports the contention that an application for 205 exam can be entered after case is closed, the Motion for Reconsideration is hereby denied.

The Court does not herein determine whether applicant could allege sufficient cause for this Court to reopen the instant case incurring thereby additional time and cost. The Court notes however that applicant's complaint in Adversary No. 82–0111, although not prosecuted for over 13 months, is still pending before this Court, affording applicant's client, through Section VII of the Bankruptcy Rules, the discovery proce-

dures available under the Federal Rules of Civil Procedure.