Samuel Joseph WEISGAL, Appellant,

v.

William French SMITH, Atty. Gen.; Norman A. Carlson; William Garrison; Fred Walker; Donnie Ray Smith; United States of America, Appellees.

No. 84–6582.

United States Court of Appeals, Fourth Circuit.

Argued July 19, 1985.
Decided Oct. 16, 1985.

Gerald T. Zerkin, Richmond, Va. (Zerkin, Heard & Scovill, Richmond, Va., on brief), for appellant.

Debra J. Prillaman, Asst. U.S. Atty., Richmond, Va. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., on brief), for appellees.

Before WINTER, Chief Judge, and RUSSELL and HALL, Circuit Judges.

DONALD RUSSELL, Circuit Judge.

This is a Federal Tort Claims [FTCA] action asserted by way of an amended complaint, which the plaintiff would relate back under provisions of Rule 15(c), Fed.R. Civ.P., to the initial filing of the action in order to avoid the time-bar for such an action stated in 28 U.S.C. § 2401(b). The Magistrate to whom the matter was referred, found that the conditions for "relation back" as set forth in Rule 15(c) were not met and dismissed the FTCA action. The plaintiff has appealed and we affirm.

The plaintiff, an inmate at the Petersburg (Virginia) Federal Corrections Institution, was stabbed on July 13, 1981 by other inmates of the Institution after he refused to participate in a food-and-work strike. He filed an administrative claim in early 1982 with the Federal Bureau of Prisons to recover for his injuries sustained in that incident. That claim was denied and notice of such final denial was duly mailed the plaintiff on July 16, 1982. Almost six months later he filed *pro se* a *Bivens* -type action.[1] In this action, he alleged constitutional violations of the Fourth, Eighth and Fourteenth Amendments and sought individual monetary judgments in varying amounts against five defendants: William French Smith, the United States Attorney General who as such was responsible for the management of the federal prison system; Norman A. Carlson, Director of the Federal Bureau of Prisons; William Garrison, Warden of the Petersburg Institution; and two officers on the staff of the Institution. The defendants French and Carlson moved to dismiss the action against them and the motion was granted. There has been no appeal from that dismissal.

On October 12, 1983, some months after the dismissal of the action against Smith and Carlson, the plaintiff moved to amend his complaint to state a Federal Tort Claims action (FTCA)[2] and to add the United States as a defendant. That motion was granted. The United States, however, moved to dismiss the action as untimely and dismissal was granted by the Magistrate. The action then proceeded to trial against the Warden and the two prison officers. A verdict was rendered in favor of the defendants. This appeal is directed at the correctness of the Magistrate's dismissal of plaintiff's FTCA action as time barred.

The plaintiff concedes that under 28 U.S.C. § 2401(b), an FTCA action must be instituted within six months of notice of the denial of the plaintiff's administrative claim and that his amended complaint naming the United States as a defendant and alleging an FTCA action was filed more than a year after notice of the denial of his administrative claim had been given and was facially time barred. It is his thesis on appeal, however, that under Rule 15(c), Fed.R. Civ.P. his amendment adding the FTCA action and changing the party against whom his claim was asserted to the United

---

1. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2. 28 U.S.C. §§ 2671, *et seq.*

States related back "to the date of the original pleading." Three elements must be met before Rule 15(c) relation back will be allowed, even when the result could be extinguishment of the claim: (1) same transaction or occurrence; (2) the new party had notice of the action prior to the expiration of the statute of limitations; and (3) he knew or should have known that but for a mistake in identity the action would have been brought against him. *Watson v. Unipress, Inc.*, 733 F.2d 1386 (10th Cir. 1984). The first requirement of "same transaction or occurrence" is admittedly present here. The Magistrate found that the other two requirements for relation back under the Rule were not met. We agree that the second was not met and affirm on that ground. We have no occasion to consider whether the third requirement was satisfied.

▆ Manifestly in this case notice of the institution of the initial action was not given the United States "within the period provided by law for commencing" the FTCA action. The time for filing such action expired on January 17, 1983; in no event can it be said that notice was given the United States or any officer authorized to receive notice on its behalf prior to January 20, 1983. The plaintiff agrees as to this but he premises that, while the Rule plainly provides that relation back depends on "notice" to the added defendant "within the time provided by law for commencing the action" [in this case, six months], it is proper to give the Rule a liberal construction under which the added party will be said to have had notice of institution of the action, since the time for commencement of the action must include an allowance for a reasonable time thereafter for the service of notice. This premise of the plaintiff presents the issue on appeal. The Magistrate refused to depart from the plain language of the Rule and dismissed the action and we agree.

There is a division of the Courts of Appeals on the issue posed by plaintiff's contentions. This division in the Circuit Courts was commented on and certain of the decisions on the issue were cited by Mr. Justice White in his opinion dissenting from denial of certiorari in *Cooper v. United States Postal Service*, —— U.S. ——, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). Though this Circuit has not passed on the question, there is a difference on the point among the district courts of this Circuit. In *Swann Oil, Inc. v. M/S Vassilis*, 91 F.R.D. 267, 269–70 (E.D.N.C.1981), the court held the period within which notice must be received includes statute of limitations plus "the reasonable time allowed for service"; in *Holden v. R.J. Reynolds Industries*, 82 F.R.D. 157, 162 (M.D.N.C.1979), the court reached the conclusion that the notice must be given within the limitations period. We, however, feel that the question is one controlled by the express language of the Rule.

The language of the Rule requires, in plain and clear terms, that the notice be given "within the limitations period." It includes no reasonable allowance for service beyond that "limitations period." To include "time for service" as an addition to the six-months limit in the Rule in an FTCA action would demand a rewriting of the Rule. It is our responsibility to apply the Rule as it is written, especially when its language is free from doubt or ambiguity, as is this Rule, even though such an application in the rare case might work a harsh result. *Schiavone v. Fortune*, 750 F.2d 15, 18, 19 (3rd Cir.1985); *Cooper v. U.S. Postal Service*, 740 F.2d 714, 717 (9th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). And this is what the drafters of the Rule intended. Thus in the Notes of the Advisory Committee it is said that the notice must be received "within the applicable limitations period." Advisory Committee Note, paragraph 5, F.R. C.P. 15(c). The application of Rule 15(c) in the absence of proper notice to the United States within the limitations period would result in prejudice by eliminating the statute of limitations defense. *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981).

In reaching the conclusion that we have, we are not merely following what we conceive to be the intention of the drafters of the Rule but we are also observing the admonition of the Supreme Court in *Baldwin County v. Brown*, 466 U.S. 147, ——, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196, 202 (1984), wherein the Court said:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486 [2497] 65 L.Ed.2d 532 (1980), "[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

The judgment of the district court is accordingly

AFFIRMED.