836 F.2d 1342
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul K. METZ, to his own use and the use of the Liberty
Mutual Insurance Company, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 87-3050.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 16, 1987.
Decided Jan. 4, 1988.
 
 Alan Edgar Harris on brief for appellant.
 Breckinridge L. Willcox, United States Attorney, Jane F. Barrett, Assistant United States Attorney on brief for appellee.
 Before HARRISON L. WINTER, Chief Judge, JAMES DICKSON PHILLIPS, Circuit Judge and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Paul K. Metz, plaintiff, was allegedly injured when he slipped on accumulated grease on the ground of the Highlandtown Post Office parking lot and fell. His timely administrative claim was denied on November 18, 1985, and, on May 15, 1986, he sued the United States Postal Service under the Federal Tort Claims Act. The Postal Service was served on June 17, 1986, and the Attorney General of the United States on June 20, 1986. Because the Federal Tort Claims Act required plaintiff to sue the United States rather than the Postal Service, plaintiff moved to amend his complaint to name the United States as defendant on September 8, 1986. The district court granted defendant's motion to dismiss on the ground that the United States Postal Service was not a proper defendant, and it declined to permit plaintiff to amend to name the United States as defendant on the ground that suit against it would be barred by limitations. Plaintiff appeals and we affirm.
 
 
 2
 We agree that the United States is the only proper defendant, 28 U.S.C. Secs. 1346(b) and 2679(a). While F.R.C.P. 15(c) states that, on certain conditions, amendments to a pleading arising from "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, ... relate[ ] back to the date of the original pleading," the Supreme Court has held that an amended complaint does not relate back to the date of the original pleading where the new defendant does not receive notice of the institution of the action before the statute of limitations bars the action. Schiavone v. Fortune, 477 U.S. ----, 91 L.Ed.2d 18 (1986). Prior to Schiavone we applied the same rule. See Weisgal v. Smith, 774 F.2d 1277, 1279 (4 Cir.1985). Since limitations had run before the United States was sought to be made a party, there could be no retaliation back. Both denial of the motion to amend and dismissal of the complaint were proper.
 
 
 3
 AFFIRMED.