Lih Y. YOUNG

v.

The NATIONAL CENTER FOR
HEALTH SERVICES
RESEARCH.

Civ. No. Y–85–2547.

United States District Court,
D. Maryland.

Feb. 10, 1988.

Lih Y. Young, Rockville, Md., pro se.

Breckinridge L. Willcox, U.S. Atty., State of Md., and Glenda G. Gordon, Asst. U.S. Atty., Baltimore, Md., for defendant.

Timothy M. White, Washington, D.C., for Dept. of Health & Human Services.

MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff, formerly an employee with the defendant federal agency, filed this *pro se* action for employment discrimination in June, 1985, pursuant to 42 U.S.C. §§ 2000e–5, 2000e–16. This Court referred the matter to a magistrate and later adopted his finding, upon an evidentiary hearing, that plaintiff's action was barred for failure to bring the grievance before an Equal Opportunity ("EEO") counselor within the period required by 29 C.F.R. § 1613.214(a)(1)(i) (1986).* This Court,

---

\* Plaintiff brought her grievance to the attention of the EEO officer on April 17, 1984. Magistrate Smalkin found that "the March 11, (1984) effective date of suspension is the date of the last act of discrimination comprehended within the administrative complaint at issue in this case." Edited Transcript of Oral Opinion at 4–5.

The EEOC had "determined that the last discriminatory act occurred February 27, 1984." *Id.* at 2. The Fourth Circuit later ruled that plaintiff's constructive discharge required this Court to consider plaintiff's date of resignation, March 19, 1984, as the date of defendant's alleged last discriminatory act.

therefore, dismissed the action for failure to properly exhaust the the administrative process available to federal employees.

Plaintiff obtained counsel and appealed. The Fourth Circuit Court of Appeals reversed, holding that the date of her resignation, 29 days before her first contact with the EEO officer, was the appropriate date to start the running of the 30 day limit where plaintiff had alleged constructive discharge. 828 F.2d 235, 238 (4th Cir. 1987).

On remand, defendant has moved to dismiss the action for lack of subject matter jurisdiction. Plaintiff named only the agency as the defendant, but 42 U.S.C. § 2000e–16(c) specifically requires that in her "civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." Thus, with only the agency as defendant, this Court would have no jurisdiction. Plaintiff agrees that she should have sued the Secretary of Health and Human Services. Opposition at 1, 3. However, plaintiff argues that she should be allowed to amend her complaint, substituting the Secretary as the proper defendant, and that this amendment should be allowed to relate back to the original complaint pursuant to Fed.R.Civ.P. 15(c). Plaintiff's motion to amend is, therefore, also pending.

The Fourth Circuit recently has affirmed the strict application of Rule 15(c) in *Metz v. United States Postal Service*, 836 F.2d 1342 (4th Cir.1988). The court relied upon its previous decision in *Weisgal v. Smith*, 774 F.2d 1277, 1279 (4th Cir.1985), where it held that even a *pro se* plaintiff was held to the strict requirements of Rule 15(c) for amendments to "relate back." Furthermore, its holding that Rule 15(c) does not implicitly include "reasonable time" flexibility for meeting the rule's notice requirements has been approved by the Supreme Court. *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986). Thus, this Court will apply Rule 15(c) strictly. Rule 15(c) reads as follows:

(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

The court in *Weisgal* noted that each of three elements must be met: "(1) same transaction or occurrence; (2) the new party had notice of the action prior to the expiration of the statute of limitations; and (3) he knew or should have known that but for a mistake in identity the action would have been brought against him." 774 F.2d at 1279. Here, there is no dispute that the amended complaint would arise from the same transaction or occurrence, rather the issue is one of the adequacy of notice to the prospective defendant.

Plaintiff was required to file her civil action within 30 days after she received notice of the final decision of the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–16. The EEOC issued plaintiff a right-to-sue letter on May 18, 1985. Complaint ¶ 9. Thus, she was required to file the complaint in this action by June 17, 1985. She filed the complaint on June 14, 1985, and effected service of process upon the United

**90**

States Attorney for the District of Maryland and upon the Attorney General on July 18, 1985, 34 days after the filing of the complaint. Under *Weisgal*, the second element of Rule 15(c) relation back is that plaintiff serve notice of the action upon a proper defendant within the same limitations period required for filing the complaint itself. Thus, plaintiff missed her opportunity to make use of relation back by amendment based upon service of other government officials pursuant to the second paragraph of Rule 15(c).

Plaintiff argues that "although she did not serve the United States Attorney or the Attorney General within the thirty-day period, she did effect 'prompt service' within the requirements of Rule 4." Opposition at 6. Rule 4(a)'s "prompt service" requirement cannot be raised as a shield to the strictly interpreted requirements of Rule 15(c). The adoption of the same period of limitations under Rule 15(c) is an independent due process protection preventing an effective breaching of the original statute of limitations when a plaintiff realizes she has sued the wrong party. Thus, the limitations period is applicable to all defendants, proper as well as improper. Plaintiff's argument attempts to accomplish the same sort of "reasonable time" flexibility rejected by the Supreme Court in *Schiavone* and the Fourth Circuit in *Metz* and *Weisgal*.

Plaintiff's second argument is that "[d]efendant's unreasonable delay in raising this defense should bar the defense." Opposition at 7. In other words, defendant was too late in saying that plaintiff was too late. The Court finds plaintiff's defense of laches to be the proverbial pot calling the kettle black. While it is true that the United States Attorney did litigate the issue of the timeliness of the EEO grievance in this Court and in the Fourth Circuit, it was not required to raise all its defenses in its answer to plaintiff's complaint.

Finally, plaintiff claims to have relied upon the standard form complaint sheet provided by the clerk of the court while unrepresented by counsel. The Court has examined this form, used by some *pro se* plaintiffs. The form adequately outlines the essential elements of a complaint to be filed in federal district court. It does not, nor could it, attempt to pretend to provide for all the factual and legal issues which may arise in the course of litigating an employment discrimination case. Such suits are susceptible to dismissal for a variety of jurisdictional reasons, circumstances, and procedural mistakes, such as plaintiff's untimely service here. An attorney's assistance is especially important for plaintiffs attempting to navigate these waters after having their EEOC charges rejected. Nonetheless, however tolerant the court may be of administrative or presentational inelegance on the part of *pro se* plaintiffs, the rules of procedure apply equally to represented and unrepresented parties. Moreover, this Court has no power to act where, as here, there is no jurisdiction.

## ORDER

In accordance with the attached Memorandum, it is this 10th day of February, 1988, by the United States District Court for the District of Maryland, ORDERED:

1. That plaintiff's motion to amend the complaint BE, and the same IS, hereby DENIED;

2. That defendant's motion to dismiss BE, and the same IS, hereby GRANTED.