Scott **FUGATE**, Plaintiff,

v.

**BORG TEXTILE CORPORATION**, et al, Defendants.

Civ. A. No. 3:86–0038.

United States District Court, S.D. West Virginia, Huntington Division.

Feb. 18, 1988.

Roger E. Jenne, Jenne, Scott & Sellers, Cleveland, Tenn., M. Joseph Thomas, Thomas & Riffe, St. Albans, W. Va., Sam R. Harshbarger, Milton, W. Va., for plaintiff.

D.C. Offutt, Jr., Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, W. Va., for defendants.

## ORDER

HADEN, Chief Judge.

Pending is the motion for summary judgment filed by the Defendant Borg Textile Corporation. The time for responding having passed, the Court now considers this motion.

This is an action seeking damages for personal injuries sustained by the Plaintiff as the result of burns he received while wearing a coat manufactured from materials supplied by the Defendant Borg. These injuries occurred on approximately November 20, 1969, when the Plaintiff was only four years old.

An earlier action was brought in 1970 against Sears, Roebuck & Company, the seller of the coat, by the Plaintiff's parents. Although Borg was aware of this proceeding, it was never made a party to it. By affidavit, James Thompson, the Secretary/Treasurer of Borg has stated upon his personal knowledge that the "plaintiffs were aware of the possible liability of J.H. Kellman Company, Crompton Company and Borg Textiles" at the time of the earlier action. That case was resolved through a settlement agreement between the plaintiffs and Sears and Kellman, the manufacturer of the coat.

More recently, on January 29, 1985, the Plaintiff filed a complaint based on the same injuries against Kellman in the United States District Court for the Eastern District of Tennessee. The complaint against Kellman was dismissed on the basis of the earlier settlement. An amended complaint was filed in that action on December 2, 1985, naming Borg as a defendant. Subsequently, the case was transferred to this Court.

The Defendant Borg, previously by a motion to dismiss,* and now by its motion for summary judgment, contends that when the amended complaint was filed in this action, the statute of limitations on the Plaintiff's claims had run; and because Borg had no notice of the action until after the filing of the amended complaint naming it as a Defendant, the amendment does not relate back so as to toll the statute of limitations.

The applicable statute of limitations in a personal injury action is two years. *W.Va. Code*, § 55–2–12. This limitation applies to causes of action sounding in tort—negligence and strict liability—as well as contract—breach of implied warranties. *Maynard v. General Electric Co.*, 486 F.2d 538 (4th Cir.1973) (applying West Virginia law). The two-year period began to run, in this case, upon the Plaintiff's eighteenth birthday, February 1, 1983. *W.Va.Code*, § 55–2–15. Accordingly, an action based upon the Plaintiff's injuries must have been brought by February 1, 1985.

The instant action was filed on January 29, 1985. The amendment bringing in Borg as a Defendant was not made until December 2, 1985. Therefore, unless such amendment can be said to relate back to the original filing, this action is barred by the statute of limitations.

*Rule* 15(c), Federal Rules of Civil Procedure, provides in pertinent part that

"[a]n amendment changing a party against whom a claim is asserted relates back if [the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading] and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

"Three elements must be met before Rule 15(c) relation back will be allowed,

---

* Although the Plaintiff has not responded to Borg's motion for summary judgment, he did respond to the motion to dismiss, and so the Court considers that response in passing on the instant motion.

even when the result could be extinguishment of the claim: (1) same transaction or occurrence; (2) the new party had notice of the action prior to the expiration of the statute of limitations; and (3) he knew or should have known that but for a mistake in identity the action would have been brought against him."

*Weisgal v. Smith,* 774 F.2d 1277, 1279 (4th Cir.1985). Clearly, the first of these elements is met in this case.

As to the second condition for relation back of an amendment bringing in a new party defendant, Borg contends that it did not receive notice of the instant action until after the running of the statute of limitations. This contention is supported by the affidavits of its Secretary/Treasurer, who has sworn that such notice was not received until December, 1985, and Silas Williams, Jr., who represented Kellman prior to its dismissal from this case, and who has sworn that he did not notify Borg of the pendency of this action.

In *Weisgal,* the court held in part that *Rule* 15(c) should be applied "as it is written ... even though such an application in the rare case might work a harsh result." *Id.* The notice requirement calls for, according to the plain language of the rule, "notice of the *institution of the action*" (emphasis added) within the limitations period. Therefore, that Borg knew of the prior action brought in 1970 or of the Plaintiff's injuries and his possible claims against it is of no relevance to the inquiry here. *See Cooper v. U.S. Postal Service,* 740 F.2d 714, 717 (9th Cir.1984) (notice of the institution of the action "is the only notice relevant to rule 15(c)").

In his response to Borg's earlier motion to dismiss also asserting that this action is barred by the statute of limitations, the Plaintiff argued that Borg could not maintain that it had been prejudiced by notice received after the limitation period had expired. However, prejudice is not, by itself, a factor in determining relation back under *Rule* 15(c). Again, the plain language of the rule requires notice of the action. Only if some sort of notice has been communicated will the Court consider whether it

was sufficient to avoid prejudice to the new Defendant.

Because this second condition for relation back under *Rule* 15(c) has not been met, the Court does not consider whether the third element has been satisfied. All three conditions must be met for relation back of an amendment bringing in a new defendant. *Weisgal,* 774 F.2d at 1279.

For the foregoing reasons, the Court finds that the Defendant Borg Textile Corporation did not receive notice of this action prior to the expiration of the limitations period. Accordingly, the Court concludes that the Plaintiff's action against Borg is barred by the statute of limitations. Borg's motion to compel, also pending before the Court, is hereby rendered moot, and so the Court does not now consider that motion.

In reviewing the record, the Court notes that the remaining Defendant Crompton Company, Inc. has not been served, nor has it appeared in this action. The Plaintiff, therefore, is directed to notify the Court within fourteen days of the entry of this Order of his intentions regarding pursuing his claims against Crompton.