887 F.2d 1082
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lih Y. YOUNG, Plaintiff-Appellant,
v.
NATIONAL CENTER FOR HEALTH SERVICES RESEARCH, Defendant-Appellee.
 No. 88-1017.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 9, 1989.
Decided: Sept. 27, 1989.
 
 Robert Brian Fitzpatrick (David R. Cashdan, Mark D. Laponsky, Fitzpatrick, Verstegen & Cashdan, on brief), for appellant.
 Timothy M. White, Office of the General Counsel, U.S. Department of Health & Human Services (Breckinridge L. Willcox, United States Attorney; Glenda G. Gordon, Assistant United States Attorney, on brief), for appellee.
 Before ERVIN, Chief Judge, and DONALD RUSSELL and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lih Y. Young appeals the dismissal of her case for lack of jurisdiction. Finding no error, we affirm the decision of the district court.
 
 I.
 
 2
 Appellant Lih Y. Young, Ph.D., is a former employee of the National Center for Health Services Research (the "Center"), a part of the Department of Health Services ("DHHS"), which is supervised by the Assistant Secretary for Health. In June 1984, Dr. Young filed an administrative complaint against the Center, alleging that the Center discriminated against her on the basis of national origin and that she was forced to resign in March 1984. The complaint was rejected by DHHS, which ruled that Dr. Young had failed to bring her complaints to the attention of an Equal Employment Opportunity ("EEO") counselor within 30 days. Dr. Young appealed to the EEO, which affirmed the decision of the DHHS. Dr. Young, proceeding pro se, filed a civil action in the District Court for the District of Maryland on June 14, 1985. The complaint was captioned in pertinent part:
 
 
 3
 National Center for Health Services Research
 
 
 4
 * * *
 
 
 5
 * * *
 
 Attn: John Marshall, Director
 
 6
 The Attorney General, the United States Attorney, and the Center were served on July 18, 1985, thirty-four days after the filing of the complaint.
 
 
 7
 After the case was referred to a magistrate, the magistrate dismissed the action for failure to exhaust administrative remedies; the magistrate found that Dr. Young did not contact an EEO counselor in a timely manner. Dr. Young obtained counsel and appealed. This court reversed, holding that the date of her resignation, 29 days before her first contact with the EEO officer, was the appropriate date to start the running of the 30-day limit where a plaintiff had alleged constructive discharge. Young v. National Center for Health Services Research, 828 F.2d 235, 238 (4th Cir.1987). The case was remanded to the district court for a decision on the merits.
 
 
 8
 On remand, the defendant moved to dismiss for lack of subject matter jurisdiction, claiming that Dr. Young had failed to name the proper defendant--the Secretary of DHHS. Dr. Young opposed the motion. She also moved to amend the complaint to specifically relate back to the original complaint date pursuant to Fed.R.Civ.P. 15. The district court denied the motion, holding that the motion to amend could not relate back under Fed.R.Civ.P. 15 because service had not been made within the proper statute of limitations as mandated by that Rule. Young v. Nat'l Center for Health Services Research, 704 F.Supp. 88, 90 (D.Md.1988). This appeal followed.
 
 II.
 
 9
 In this appeal, we are asked to decide (1) whether the district court erred when it dismissed Dr. Young's action for lack of jurisdiction because she failed to name the proper defendant, and (2) whether the district court erred when it denied Dr. Young's motion to amend her complaint.
 
 III.
 
 10
 The district court, relying on 42 U.S.C. Sec. 2000e-16(c), dismissed appellant's suit because the proper defendant had not been named. That statute provides in pertinent part:
 
 
 11
 [A]n employee ... if aggrieved by the final disposition of his [administrative] complaint,
 
 
 12
 ... may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant. 42 U.S.C. Sec. 2000e-16(c) (emphasis added).
 
 
 13
 Appellant contends that the district court erred in dismissing her action because she in fact did name the proper defendant: John Marshall, head of the "unit" in which she worked.[1] Yet, appellant conceded to the district court, and in her brief to this court, that she should have named the Secretary of the DHSS as the defendant.[2] We hold that an issue conceded at the district court level cannot be reargued at this level. See, e.g., International Travelers Cheque Co. v. BankAmerica Corp., 660 F.2d 215, 224 (7th Cir.1981) ("It is well settled law that a party cannot complain of errors which it has committed, invited, induced the court to make, or to which it consented." (Citations omitted.)); Pye v. Mitchell, 574 F.2d 476, 480 (9th Cir.1978) ("Where an issue is conceded below, it cannot be raised for the first time on appeal." (Citations omitted.))
 
 
 14
 Because the appellant has conceded that the Secretary was the proper defendant, she is barred from appealing the district court's decision that it lacked subject matter jurisdiction because the Secretary was not named as the defendant.
 
 IV.
 
 15
 The Appellant also contends that the district court erred when it denied her motion to amend her complaint to name the Secretary as the proper defendant because the amendment should have been allowed to relate back to the original complaint pursuant to Fed.R.Civ.P. 15(c).[3] "[T]he language of the Rule requires, in plain and clear terms, that the notice [required under the Rule for relation back when there is a proposed change of parties] be given 'within the limitations period.' " Weisgal v. Smith, 774 F.2d 1277, 1279 (4th Cir.1985). As the Supreme Court has cautioned, we cannot "temper the plain meaning of the language by engrafting upon it an extension of the limitations period equal to the asserted reasonable time, inferred from Rule 4, for the service of a timely filed complaint.... Under Rule 15(c), the emphasis is upon 'the period provided by law for commencing the action against' the defendant." Schiavone v. Fortune, 477 U.S. 21, 30 (1986); see also Weisgal, 774 F.2d at 1279. Because the plaintiff did not serve the proper defendant until 34 days after filing the complaint, Rule 15(c)'s relating back provisions cannot apply.
 
 
 16
 Because the proper defendant did not receive notice during the limitations period of the action against it, the district court was correct in holding that the amendment could not "relate back" to the date the original complaint was filed.
 
 V.
 
 17
 Accordingly, the judgment of the district court is affirmed.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 At the time the complaint was filed, John Marshall was the Director of the National Center for Health Services Research, and Otis R. Bowen was the Secretary of the Department of Health and Human Services
 
 
 [2]
 This mistake was noted by the appellant's previous counsel and by the district court. See, e.g., Appellant's Brief at p. 3, n. 5 ("In opposing the motion to dismiss, plaintiff's previous counsel assumed that plaintiff's pro so complaint did not satisfy the requirements of 42 U.S.C. Sec. 2000e-16(c). See Plaintiff's Motion to Dismiss."); Young v. Nat'l Center for Health Services Research, 704 F.Supp. 88, 89 (D.Md.1988) ("Plaintiff agrees that she should have sued the Secretary of Health and Human Services. Opposition at 1, 3.")
 
 
 [3]
 Rule 15(c) provides:
 Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
 The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.