960 F.2d 145
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lucius C. DRAKE, Plaintiff-Appellant,
v.
Richard CHENEY, Secretary of Defense, Defendant-Appellee.
 No. 91-1533.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 5, 1992
Decided: April 15, 1992
 
 ARGUED: Edward Harold Passman, PASSMAN & KAPLAN, P.C., Washington, D.C., for Appellant. Susan Ann Arnold, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee. ON BRIEF: Karen M. Stram, PASSMAN & KAPLAN, P.C., Washington, D.C., for Appellant. Kenneth E. Melson, United States Attorney, Alexandria, Virginia, for Appellee.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 OPINION
 
 1
 Lucius C. Drake, Jr., appeals an order of the District Court for the Eastern District of Virginia summarily dismissing his suit against Richard B. Cheney, Secretary of Defense. Drake, a civilian employee of the Department of Defense Dependent Schools (the agency), had previously filed an administrative complaint of discrimination in federal employment. Because federal regulations require cancellation of an administrative complaint of discrimination against a federal agency employer when the allegations form the basis of a pending federal lawsuit, the agency had canceled Drake's complaint after he filed an action in the District of Colorado complaining of the same discrimination. Following the dismissal of that suit on jurisdictional grounds, Drake sought reinstatement of his administrative complaint. When the Equal Employment Opportunity Commission (EEOC) refused to order reinstatement, Drake asked the District Court for the Eastern District of Virginia to order the agency to reinstate the complaint.
 
 
 2
 * In 1987, Drake was serving as assistant principal at a school in Seoul, Korea, operated by the agency. On September 15, 1987, Drake, who is black, complained to the agency that he had been subject to racial discrimination. Drake subsequently amended his complaint to allege that the agency had begun reprisals against him after the original filing.
 
 
 3
 On December 1, 1987, the agency rejected Drake's complaint as untimely filed. Drake entered a pro se appeal to the EEOC, and on June 7, 1988, EEOC's Office of Review and Appeals vacated the rejection and remanded the complaint to the agency for processing.
 
 
 4
 Drake, who had recently returned to the United States and received EEOC's decision after some delay, states that he misunderstood its language to mean that he was required to file a civil lawsuit within 30 days of the date of the letter or lose his right to seek relief in court. A few days later, he filed a pro se complaint in the District of Colorado, naming as defendants Barbara Pope, Deputy Assistant Secretary of Defense, and the agency, the parties named in his appeal to EEOC. In September 1988, the agency wrote to Drake notifying him that his complaint had been canceled because of the suit he had filed.
 
 
 5
 On December 23, 1988, the District Court for the District of Colorado dismissed Drake's action without prejudice on the grounds that Pope and the agency were not proper defendants and that the only proper defendant, Frank C. Carlucci, then-Secretary of Defense, had not been brought within the personal jurisdiction of the court. The district court had previously denied Drake's motion to amend his complaint to name the Secretary as defendant, apparently because the 30day limitation period of 42 U.S.C. § 2000e-16(c) had expired. In January 1989, Drake asked the EEOC to order the agency to reinstate his administrative complaint. In December 1989, EEOC's Office of Review and Appeals ordered the complaint reinstated. However, the agency requested the EEOC to reconsider this order. In July 1990, the EEOC, while noting that "[t]his decision ... does not constitute a decision on the merits of [Drake's] complaint," affirmed the agency's decision to cancel Drake's complaint.
 
 
 6
 Drake then brought suit in Eastern District of Virginia against the Secretary, the proper defendant, seeking reinstatement of the administrative complaint. On March 1, 1991, after oral argument on the Secretary's motion to dismiss, the court granted the motion, ruling that Drake's decision to file suit in Colorado meant that he "no longer has any further administrative remedies."
 
 II
 
 7
 It is uncontested that at the time Drake commenced the Colorado action the Department of Defense Dependents Schools Equal Employment Opportunity Program, D.S. Regulation 5713.2 (1984), Enclosure 5.P., entitled "Effect of Civil Actions on Administrative Processing," erroneously stated that "[t]he filing of a civil action by an agent or claimant does not terminate agency processing of a complaint or claim or Office of Review and Appeals processing of an appeal." D.S. Reg. 5713.2 at 5-11 (1984). (emphasis added).
 
 
 8
 However, unbeknownst to Drake, these regulations had been superseded by amendments to the regulations covering all discrimination complaints by federal employees. These amendments, promulgated on October 30, 1987, require cancellation of an administrative complaint of discrimination in federal employment "[t]hat is the basis of a pending civil action in a United States District Court in which the complainant is a party." 29 C.F.R. § 1613.215(a)(3), codifying 52 Fed. Reg. 41,923 (October 30, 1987). See also 29 C.F.R. § 1613.283, codifying 52 Fed. Reg. 41,930 (October 30, 1987). ("The filing of a civil action by an employee or applicant involving a complaint filed under this subpart terminates processing of that complaint.")
 
 
 9
 The parties agree that the agency had not updated its regulations to reflect the changes in the Code of Federal Regulations. Drake argues that this failure to revise estops the agency from pleading the regulation, a contention the agency strenuously contests. However, we need not reach this issue, because at the time the agency canceled Drake's complaint there was no "pending civil action" in the district court.
 
 III
 
 10
 The district court dismissed Drake's action without prejudice because he named the wrong defendant. A lawsuit alleging employment discrimination against a federal employee must be brought against "the head of the department, agency, or unit" in which the discrimination is alleged to have taken place. 42 U.S.C. § 2000e-16(c). The court agreed with the government that it "lack[ed] jurisdiction" over the proper defendant, Secretary Carlucci, because he had not been named in the complaint or served. The court explicitly held that "[t]he naming of the proper defendant in a Title VII case is a jurisdictional requirement." In so holding, the court cited Hymen v. Merit Systems Protection Bd., 799 F.2d 1421, 1422 (9th Cir. 1986), and Cooper v. United States Postal Serv., 740 F.2d 714, 715-16 (9th Cir. 1984). See also Johnson v. United States Postal Serv., 861 F.2d 1475, 1477-80 (10th Cir. 1988) (same).
 
 
 11
 The Colorado district court's jurisdictional conclusion, in the light of subsequent adjudication, is open to question. See Irwin v. Veterans Admin., 111 S.Ct. 453, 457 (1990) (holding, in case not involving incorrect designation of defendant, that 30-day time limit for civil discrimination actions against government as employer is not jurisdictional and is subject to equitable tolling); see also Williams-Scaife v. Department of Defense Dependent Schools, 925 F.2d 346, 348 & n.4 (9th Cir. 1991) (Irwin overrules Hymen and Cooper); Young v. National Ctr. for Health Services Research, 704 F. Supp. 88, 88-89 (D. Md. 1988) (failure to name proper defendant was jurisdictional defect and plaintiff could not amend pleadings outside of time limit to name proper defendant), aff'd without op., 887 F.2d 1082 (4th Cir. 1989), cert. granted, vacated and remanded in light of Irwin, 111 S.Ct. 662 (1991). Cf. also Fed. R. Civ. P. 15(c)(3) (effective on December 1, 1991) and Notes of Advisory Committee to 1991 Amendment (liberalizing "relation back" in pleadings against government to "prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense").
 
 
 12
 Whatever the result would be in a similar case today, the government sought, and the Colorado district court granted, dismissal because the court at no time had subject-matter or personal jurisdiction. In effect Drake's suit against his employer was a nullity. We therefore conclude that, at the time the agency canceled Drake's complaint, a civil action was not "pending" in federal court within the meaning of the regulations, which obviously sought to preclude simultaneous litigation of the same cause in administrative and judicial proceedings. The record is devoid of any showing of prejudice or inconvenience to the proper defendant; nor, as the government notes, Br. of Appellee at 10 n.3, did Drake attempt to pursue relief in both fora at the same time. Some four and a half years after the filing of his original complaint, Drake is still seeking-and has yet to receive-a ruling on the merits of his discrimination claim.
 
 IV
 
 13
 The order of the district court dismissing Drake's suit is vacated, and the cause is remanded to the district court for entry of an order requiring the agency to reinstate Drake's complaint.
 
 VACATED AND REMANDED