**Emanuel JOHNSON, Jr., Plaintiff,**

v.

**Alberto GONZALES, U.S. Attorney General, Defendant.**

**Civil Action No. 05–0469 (RMU).**

United States District Court, District of Columbia.

March 1, 2006.

Emanuel Johnson, Jr., Woodbridge, VA, Pro se.

Mercedeh Momeni, U.S. Attorney's Office, Washington, DC for Defendant.

## MEMORANDUM ORDER

URBINA, District Judge.

GRANTING THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

## I. INTRODUCTION

This matter comes before the court on the defendant's motion to dismiss. The *pro se* plaintiff, an African–American for-mer special agent with the Federal Bureau of Investigation ("FBI"), brings this suit to compel the defendant to enforce a Final Agency Decision ("FAD"). Because the agency was statutorily required to withdraw its FAD after the plaintiff filed suit in this court, the court grants the defendant's motion to dismiss.

## II. BACKGROUND

The plaintiff filed a discrimination charge with the FBI's Equal Employment Opportunity ("EEO") office on August 28, 2003. Compl. ¶ 5. In response, the EEO notified the plaintiff that it had accepted his allegation of retaliation for investigation. *Id.* ¶ 7. Specifically, the plaintiff alleged that he was subjected to retaliation when his former supervisor at the FBI gave him a negative employment reference. *Id.*

On May 27, 2004, the EEO sent the plaintiff a letter stating it had concluded its investigation of the EEO charge. *Id.* ¶ 10. The letter advised the plaintiff of his right to either a hearing before an Administrative Law Judge or a FAD without a hearing. *Id.* Because the plaintiff did not select an option within the specified time frame, the EEO forwarded the plaintiff's charge to the Department of Justice's Complaint Adjudication Office ("CAO") for a FAD. *Id.* ¶ 11.

The CAO issued a FAD in favor of the plaintiff on December 7, 2004. *Id.* ¶ 12. On January 27, 2005, however, the CAO sent the plaintiff a letter withdrawing its FAD. *Id.* ¶ 13. According to the letter, the CAO withdrew its FAD "because at the time of its issuance, there was a pending civil complaint in federal court, filed by the complainant, which included all the issues raised in his EEO complaint." *Id.* The pending civil complaint is Civ. No. 04–1158, filed by the plaintiff on July 9, 2004. Compl. ¶¶ 43, 44.

On May 7, 2005, the plaintiff filed this suit to enforce the withdrawn FAD. On June 10, 2005, the defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, arguing that there is no FAD to enforce. The court now turns to the defendant's motion.

## III. ANALYSIS

### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C.Cir.2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C.Cir. 2003) (citing FED R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47–48, 78 S.Ct. 99 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C.Cir.2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C.Cir.2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations—including mixed questions of law and fact—as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C.Cir.2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C.Cir.2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

### B. The Court Grants the Defendant's Motion to Dismiss

The defendant argues that the court should dismiss the plaintiff's complaint because, under the applicable EEO regulations, the CAO was required to dismiss the EEO charge. Def.'s Mot. at 5. The plaintiff argues that EEO regulations are inapplicable to his case because he brings a constitutional tort action.[1] Pl.'s Opp'n at 3–4. Because the CAO issued the FAD in error, the court grants the defendant's motion to dismiss.

An agency must dismiss an EEO charge when the complainant brings the charge before a federal court. 29 C.F.R. § 1614.107(a)(3). Specifically, the applicable regulation states that "the agency shall dismiss an entire complaint ... [t]hat is the basis of a pending civil action in a United States District Court in which the

---

1. Without commenting on the validity of this argument, the court notes that the plaintiff's complaint does not make any constitutional tort claims.

complainant is a party." *Id.* A claimant's filing of a civil action generally terminates the agency's processing of his complaint.[2] *Bornholdt v. Brady,* 869 F.2d 57, 63 (2d Cir.1989); *Drake v. Cheney,* 960 F.2d 145, 1992 WL 75018, at *2 (4th Cir.1992) (unpublished decision). In the case at bar, the plaintiff's filing of a suit in this court terminated the CAO's processing of his charge. Because it was improper for the CAO to have rendered a FAD in a matter that was terminated, the agency withdrew its FAD.

The plaintiff's opposition to the defendant's motion does not point to any authority stating that the CAO improperly withdrew the FAD. Indeed, as stated *supra,* the CAO was required to withdraw the FAD pursuant to the applicable regulations. Further, the plaintiff does not cite, and the court has not found, any case law stating that an agency may not withdraw a ruling that has been erroneously issued. Moreover, courts routinely withdraw orders and judgments mistakenly issued after a case is terminated. *See, e.g., In re Am. Freight Sys., Inc.,* 229 B.R. 467, 468 (D.Kan.1998) (vacating the court's order in light of the parties' settlement); *In re Kekahuna,* 35 B.R. 13 (Bkrtcy.D. Hawai'i 1983) (vacating its ruling on a creditor's request after the debtor's main bankruptcy case had been closed). Because the CAO withdrew its FAD, the plaintiff's complaint seeks to enforce a non-existent FAD.[3] As such, the plaintiff's complaint fails to state a cause of action.

Accordingly, it is this 1st day of March, 2006,

**ORDERED** that the defendant's motion to dismiss is **GRANTED.**

**SO ORDERED.**

---

2. This general rule is consistent with the traditional notion of waiver. Waiver is the "intentional relinquishment or abandonment of known right." *U.S. v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). In this case, the plaintiff's choice to file suit in court constitutes a waiver of his right to pursue his charge at the administrative level. *See Martell v. Norton,* 242 F.Supp.2d 652, 657 (D.N.D.2003) (explaining that an employee's election to use a union-negotiated grievance procedure for her employment discrimination charge constituted a waiver of her right to pursue a claim with the Equal Employment Opportunity ("EEO") office). In other words, the plaintiff "is not entitled to a second bite at the apple." *Id.*

3. Assuming *arguendo* that the defendant had issued a valid Final Agency Decision ("FAD"), the court would nevertheless grant the defendant's motion to dismiss because this court does not have jurisdiction to enforce a FAD where there has been no EEO determination of non-compliance. *Tshudy v. Potter,* 350 F.Supp.2d 901, 906 (D.N.M.2004).