**In re AMERICAN FREIGHT SYSTEMS, INC., Debtor.**

**In re ANUHCO, INC. (f/k/a American Carriers, Inc.), Debtor.**

**AMERICAN FREIGHT SYSTEM, INC., Plaintiff,**

**v.**

**Norman R. POWELL, Defendant.**

**Norman R. POWELL, Plaintiff,**

**v.**

**ANUHCO, INC., et al., Defendant.**

**Nos. 97–2033–SAC, 95–4069–SAC. Bankruptcy Nos. 88–41050–11, 88–41265–11. Adversary Nos. 93–7179, 94–7023.**

United States District Court, D. Kansas.

Sept. 19, 1997.

P. John Brady, Gregory Bentz, James C. Sullivan, Shughart, Thomson & Kilroy, P.C., James R. Hess, Law Offices of Mark R. Rudoff, Kansas City, MO, for American Freight System, Incorporated.

P. John Brady, Gregory Bentz, James C. Sullivan, Shughart, Thomson & Kilroy, Kansas City, MO, for Anuhco, Incorporated.

Bert S. Braud, Dennis E. Egan, The Popham Firm, R. Pete Smith, Jonathan A Margolies, McDowell, Rice, Smith & Gear, Kansas City, MO, for Norman Powell.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

In this bankruptcy case Norman R. Powell appealed the adverse rulings of the bankruptcy court to this court. The bankruptcy court's rulings essentially precluded Powell from asserting a multi-million dollar claim against his former employer, American Freight System (AFS). The bankruptcy court, however, granted Powell's motion to remand to allow Powell to pursue any claim which he might have against parties other than AFS—Anuhco, Inc.,[1] Timothy P. O'Neil and John P. Bigger.[2] For almost two years the parties proceeded to litigate that case in state court. Among other events, Powell named Fred Perillo as an additional defendant.

On December 17, 1996, this court entered a lengthy memorandum and order which affirmed in part and reversed in part the decisions of the bankruptcy court. *See In re American Freight System, Inc.,* 205 B.R. 290 (D.Kan.1996). This court concluded that Powell may assert his contract and tort claims against AFS arising out of his purported post-confirmation incentive agreement. The court also concluded that Powell's claims against AFS should remain in this court to honor Powell's right to a jury trial. The bankruptcy court's decision denying Powell's request for fees and costs associated with the defendants' removal of his state case to federal court was affirmed.

This court also ordered AFS to file within ten days of the date of the December 17, 1996, order a pleading to indicate whether or not it intended to pursue the issue raised in its conditional cross-appeal. In its cross-appeal, AFS raises the issue of whether the bankruptcy court abused its discretion in remanding Powell's claims against Anuhco,

---

1. Anuhco, Inc., is the name of the former corporation known as American Carrier, Inc. (ACI). ACI was a holding company that owned AFS' stock.

2. All of the defendants, including AFS, are represented by the same counsel. Unless specifically noted, the position advanced by AFS is the same position taken by all defendants.

Inc., John P. Bigger and Timothy O'Neil to state court. In a footnote, this court commented:

The bankruptcy court file holds no clues as to whether those claims [against Anuhco, Inc., John P. Bigger and Timothy O'Neil] were in fact remanded. However, no stay appears in the files, so the court presumes that they have in fact been remanded to state court.

205 B.R. 307, n. 16. On December 27, 1996, AFS filed a pleading entitled "Notice of Intention of American Freight System, Inc. to Pursue Cross–Appeal" (Dk. 24).

On January 16, 1997, Fred Perillo removed Powell's state case against him and the other named defendants to federal court. That case was randomly assigned to Judge Lungstrum. On January 28, 1997, based upon the pending matters in this court, Judge Lungstrum transferred that case, Case No. 97–2033–JWL, entitled *Powell v. Anuhco, Inc., et al.*, to this court. That case now bears Case No. 97–2033–SAC.

These cases come before the court upon the following pleadings and motions: [3]

1. Motion of American Freight System, Inc. for Rehearing Pursuant to Bankruptcy Rule 8015 or, in the Alternative, For Leave to File a Motion for Rehearing Pursuant to District Court Local Rule 83.8.10 (Dk. 26).

2. Motion of American Freight System, Inc., Requesting a Nunc Pro Tunc and Supporting Memorandum (Dk. 25).

3. Powell's motions for remand (Dk. 13 and Dk. 34); Response by defendants (Dk. 49); Reply by Powell (Dk. 50).

4. Cross–Appeal Briefs: Cross–Appellant's (AFS) Brief (Dk. 36); Cross–Appellee's (Powell) Brief (Dk. 44); Cross–Appellant's (AFS) Reply Brief (Dk. 46).

5. Defendant Perillo's motion to consolidate Cases 97–2033–JWL and Case No. 95–4069–SAC (Dk. 29); Plaintiff's responses (Dk. 12 and Dk. 32).

The court will address these issues seriatim.

**1. Motion of American Freight System, Inc. for Rehearing Pursuant to Bankruptcy Rule 8015 or, in the Alternative, For Leave to File a Motion for Rehearing Pursuant to District Court Local Rule 83.8.10 (Dk. 26).**

AFS contends that this court, sitting as an appellate court, exceeded its jurisdiction in finding that the alleged incentive compensation agreement fell within the parameters of paragraph 26 of the Order Confirming the Fifth Amended Joint Plan of Reorganization. Because the bankruptcy court's orders do not mention paragraph 26, it is AFS' contention that this court lacked authority in its appellate role to base its decision in any way upon that paragraph and that at most a remand to the bankruptcy court would have been appropriate. AFS also contends that this court's ruling "creates an ambiguity or inconsistency between the Confirmation Order and the Fifth Amended Plan of Reorganization that must be resolved by the bankruptcy court."

Powell responds, arguing that the court's "December 17, 1996, Order was the result of a thorough review of the law and facts of this very complicated case, and since the Court in December 17, 1996, Order made no new findings of fact, there is no reason for rehearing." Powell suggests that displeasure with the court's rulings is not a justification for rehearing. Powell contends that this court has not made new findings of fact, but instead properly applied the facts in a manner rejected by the bankruptcy court. Powell contends that paragraph 26 is not inconsistent with the rest of the Confirmation order. First, that paragraph is the "law of the case" and has been for approximately six years. Powell notes that the language of paragraph 26 was drafted by AFS' current counsel. Powell contends that paragraph 26 plain and

---

**3.** Due to an extraordinary number of criminal trials and criminal motions, including an extremely complex month-long criminal trial, *see United States v. Ruedlinger,* 976 F.Supp. 976 (D.Kan.1997) (eighty page memorandum and order denying defendant's motion for judgment of acquittal and/or new trial), and the time dedicated to drafting a 337 page memorandum and order disposing of a mammoth motion for summary judgment, *see Koch v. Koch Industries, Inc.,* 969 F.Supp. 1460 (D.Kan.1997), the court has been unable until now to dedicate sufficient time to these motions and related matters.

unambiguous and that there are no issues for the bankruptcy court to resolve.

In regard to AFS' request for the court to clarify Powell's position vis-a-vis his testimony, Powell contends that "[t]here is nothing inconsistent about the position Powell takes now, versus what he has always claimed." Powell contends that AFS is inviting the court to act as factfinder—a role that AFS complains that this court took in its December 17, 1996, memorandum and order.

**Standards for Motions To Reconsider** [4]

■ "A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D.Kan. Rule 7.3; *see Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990). Absent extraordinary circumstances, "revisiting the issues already addressed 'is not the purpose of a motion to reconsider.'" *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). "A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected." *Torre v. Federated Mutual Insurance Co.,* 906 F.Supp. 616, 618 (D.Kan.1995), *aff'd,* 124 F.3d 218 (10th Cir.1997). A party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider. *Renfro v. City of Emporia,* 732 F.Supp. 1116, 1117 (D.Kan.1990), *aff'd,* 948 F.2d 1529 (10th Cir.1991), *cert. dismissed,* 503 U.S. 915, 112 S.Ct. 1310, 117 L.Ed.2d 510 (1992). A motion to reconsider advanced for improper purposes "can waste judicial resources and obstruct the efficient administration of justice." *United States ex rel Houck v. Folding Carton Administration Committee,* 121 F.R.D. 69, 71 (N.D.Ill.1988).

## Analysis

The court notes that AFS' primary argument is essentially raised for the first time in this motion for rehearing. This is improper. In rendering its decision, this court has not latched on to some minute point scarcely raised before the bankruptcy court. The crux of Powell's case before the bankruptcy court and in his appeal to this court was his construction of paragraph 26. At no point prior to the court's December 17, 1996, memorandum and order, did AFS suggest that this court lacked jurisdiction to entertain the primary argument advanced in Powell's appeal. The whole thrust of Powell's appeal was self-evident—yet AFS never hinted that the court's acceptance of that argument would have exceeded this court's appellate jurisdiction.

In any event, the court has not exceeded its appellate jurisdiction. The court has simply reviewed the bankruptcy court's decision in light of the record before it and concluded that the lower court's ruling is inconsistent with the plain language of paragraph 26 of the Order Confirming the Fifth Amended Joint Plan of Reorganization. It is probably worth noting that if AFS has correctly interpreted the scope of appellate court jurisdiction, a lower court could simply ignore the most troubling arguments presented by a party and insure itself that it is immune from reversal—at worst guaranteeing one more chance at the plate following a remand by the appellate court. This is obviously not the case. Appellate court's routinely affirm lower court's decisions under a "right, but for the wrong reason" analysis. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir.1994) ("[W]e may affirm challenged decisions of the district court on alternative grounds, so long as the record is sufficient to permit conclusions of law.") (citing *United States v. Roederer,* 11 F.3d 973, 977 (10th Cir.1993)); *see generally Bolden v. PRC Inc.,* 43 F.3d 545, 548 (10th Cir.1994) (appellate court can affirm a summary judgment on alternative grounds as long as the grounds are supported by the record), *cert. denied,* —— U.S. ——, 116 S.Ct. 92, 133 L.Ed.2d 48 (1995); *see, e.g., Burke v. Woods,* 85 F.3d 640 (10th Cir.1996) (Table; available on Westlaw at 1996 WL 223731) ("Neither the district court nor the parties have discussed *Central Bank,* and we affirm the district court on alterna-

---

**4.** Despite AFS' characterization of its motion as a request for "rehearing," the court believes that these general standards governing motions for reconsideration apply.

tive grounds."). Subject to the customary limitation that parties may not raise new arguments for the first time on appeal, the converse is also generally true. In instances where an issue is presented to the district court and the record is sufficiently developed, appellate courts routinely reverse in instances in which the district court has clearly committed error, albeit that the court's announced decision did not explicitly discuss the issues the appellate court deems dispositive. In this case, although the bankruptcy court did not expressly discuss paragraph 26, its disposition of Powell's claim implicitly rejected his arguments regarding the construction of that paragraph. The court is satisfied that its decision was well within the scope of its appellate review and that its decision was based upon a proper interpretation of the record as it existed. Under these circumstances, a remand to the bankruptcy court was and remains unnecessary.

The court does not believe that its construction of paragraph 26 creates an ambiguity that requires resolution by the bankruptcy court. The court has simply accorded the plain meaning to the unambiguous language of paragraph 26. Nor does the court believe it necessary to accept AFS's suggestion that the court delve into a systematic comparison of Powell's arguments and testimony. At this juncture, the court need not determine whether Powell's explanation of his claims is inconsistent with his prior sworn statements. That issue is largely irrelevant to the issues now decided in this appeal. The "clarification" AFS seeks may ultimately prove to be an issue resolved by the trier of fact.

AFS' motion for rehearing is denied.

**2. Motion of American Freight System, Inc., Requesting a Nunc Pro Tunc and Supporting Memorandum (Dk. 25).**

▌ AFS asks the court to enter a *nunc pro tunc* order withdrawing its Memorandum and Order of December 17, 1996, and filing in its place a substituted "Memorandum and Intention to Enter Order." Because of the pendency of the cross-appeal, AFS contends that "the law is unclear as to whether this Court's December 17, 1996, Memorandum and Order constitutes a final order that can be appealed to the Tenth Circuit or whether AFS must wait until the cross-appeal is resolved for this Order to become final." By doing so, AFS suggests that the court should enter one consolidated order from which it may appeal to the Tenth Circuit. According to AFS, this procedure will enable it to avoid piecemeal appeals to the Tenth Circuit in the event the court does not grant its motion for rehearing. Powell did not file a response to this motion.

While AFS' suggestion to enter one final appealable order might be appropriate in a setting outside the context of a bankruptcy appeal, in this particular case that request would be fruitless. AFS' request is premised upon the erroneous assumption that this court's December 17, 1996, memorandum and order was otherwise (assuming no cross-appeal and/or motion for rehearing) immediately appealable. Unless there is something peculiar to this bankruptcy appeal that takes it outside the general rules regarding finality, the court does not believe that its December 17, 1996, memorandum and order, was immediately appealable to the Tenth Circuit absent certification under Fed.R.Civ.P. 54(b) or 28 U.S.C. § 1292(b).

As this court has mentioned in the past, "[p]arties are often unable to discern whether it is appropriate to appeal a district court's decision regarding a bankruptcy court's decision to the court of appeals." *In re Villa West,* No. 91–4044–SAC, 1996 WL 509623, *4 (D.Kan. Aug. 26, 1996) (citing *see, e.g., In re Buckner,* 66 F.3d 263 (10th Cir.1995) (appeal jurisdictionally defective)). In *Buckner,* the Tenth Circuit stated:

> Our jurisdiction over this bankruptcy appeal must be based on 28 U.S.C. § 158 which provides in relevant part:
>
> (a) The district courts of the United States shall have jurisdiction to hear appeals ... from final judgments, orders, and decrees ... and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.
>
> \* \* \* \* \* \*

(d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsection[ ](a) . . . of this section.

28 U.S.C. § 158(a), (d) (emphasis added). Accordingly, when jurisdiction in the court of appeals is based on § 158(d), we have jurisdiction only when the district court decision appealed from is "final." *Id.* § 158(d). We have interpreted 'final order' for purposes of § 158(d) in traditional finality terms rather than adopting the more flexible standard of other circuits for identifying 'final orders' of bankruptcy judges. *Magic Circle Energy 1981-A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.),* 889 F.2d 950, 953 (10th Cir.1989) (collecting cases). " '[T]o be final and appealable, the district court's order must end the litigation and leave nothing to be done except execute the judgment.' " *Id.* (quoting *In re Glover, Inc.,* 697 F.2d 907, 909 (10th Cir.1983)). A district court order reversing the bankruptcy court and remanding for significant further proceedings is not final and appealable under 28 U.S.C. § 158(d). *Balcor Pension Investors v. Winston XXIV Ltd. Partnership (In re Wiston XXIV Ltd. Partnership),* 988 F.2d 1012, 1013 (10th Cir.1993). " 'Significant further proceedings' occur when the bankruptcy court undertakes more than mere 'ministerial' computations involving little judicial discretion.' " *Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters., Inc.),* 997 F.2d 1321, 1323 (10th Cir.1993). "A remand for significant further proceedings includes one requiring de novo hearings, additional findings of fact concerning the dispositive issue in the case, or a determination of the amount of a claim." *Jones v. Jones (In re Jones),* 9 F.3d 878, 879 n. 2 (10th Cir.1993). 66 F.3d at 265. Although this court did not remand this case to the bankruptcy court, it kept "significant" undecided matters to honor Powell's jury trial demand. Clearly a trial to factually resolve Powell's claims against the defendants would be a "significant further proceeding" in this case. If this case were tried in this court, judgment would not be entered until the jury returns a verdict, favorable or not, on Powell's claims. Consequently it does not appear that the Tenth Circuit would have accepted an appeal of this court's December 17, 1996, memorandum and order absent certification under Rule 54(b) and/or 1292(b). As AFS did not explicitly sought certification under either Rule 54(b) or 1292(b), the court expresses no opinion as to whether such certification would have been appropriate in this case.

Based upon the forgoing analysis, AFS' request for the court to enter a *nunc pro tune* order withdrawing its Memorandum and Order of December 17, 1996, and filing in its place a substituted "Memorandum and Intention to Enter Order" is denied.

**3. Powell's motions for remand (Dk. 13 and Dk. 34) and**

**4. Cross–Appeal Briefs: Cross–Appellant's (AFS) Brief (DK. 36); Cross–Appellee's (Powell) Brief (Dk. 44); Cross–Appellant's (AFS) Reply Brief (Dk. 46).**

To understand the tangled and complex issues presented by these pleadings, it will be necessary for the court to briefly summarize the history of this case.

November 15, 1993:

AFS files a declaratory judgment action in bankruptcy court seeking a ruling that Powell did not have an incentive contract with AFS, or that even if he did, that such a contract is unenforceable

January 12, 1994:

Norman Powell files an action in state court sounding in contract and tort against AFS, Anuhco, Inc., John Bigger and Tim O'Neil seeking $7,000,000 in damages

February 22, 1994:

AFS, Anuhco, Inc., John Bigger and Tim O'Neil removes Powell's state action to bankruptcy court pursuant to 28 U.S.C. § 1452.

**March 22, 1994:**

Powell files a motion to remand his case to state court arguing that his state action involved no federal claims and that diversity of citizenship does not exist.

**January 3, 1995:**

The bankruptcy court enters a memorandum and order ruling on Powell's motion to dismiss in adversary proceeding No. 93–7179 and on Powell's motion to remand in adversary proceeding No. 94–7023. The bankruptcy court denied Powell's motion to dismiss and denied Powell's motion to remand insofar as it sought remand of his claims against AFS. Based upon its interpretation of the Bankruptcy Code, the bankruptcy court finds that Powell cannot assert any breach of contract or tort claims against AFS. Powell's motion to remand was granted to allow Powell to pursue any claim which he might have against the parties other than AFS.

**January 1995–December 1996:**

The portion of the case "remanded" to state court is apparently "vigorously litigated" by Powell, Anuhco, Bigger and O'Neil. In addition to other proceedings, Fred Perillo and other defendants are named by Powell as defendants. On November 12, 1996, all of the newly added defendants but Perillo are dismissed. Trial is set to commence in state court on March 3, 1997.[5]

**December 17, 1996:**

This court enters its memorandum and order affirming in part and reversing part the decisions of the bankruptcy court. The court asks AFS to indicate whether it intends to pursue its cross-appeal on the issue of whether the bankruptcy court abused its discretion in remanding the claims against Anuhco, Bigger and O'Neil to state court.

**January 16, 1997:**

Perillo removes Powell's case against him and the other defendants to federal court. The case is randomly assigned to Judge Lungstrum. Based upon the pending matters before this court, that case is subsequently transferred to this court.

### Arguments of the Parties

With this chronology, the court will now summarize the arguments of the parties. Powell contends that he is entitled to an immediate remand to Johnson County District Court of all his claims against all of the defendants "who claim to be, or are presently before this Court." Powell seeks an immediate remand of his case against Perillo, as Perillo's "effort to remove to this Court is wrongful for untimeliness and lack of subject matter jurisdiction." Powell further requests the court to issue an order finding the "unstayed January 3, 1995, Order of Remand directed towards Anuhco, Inc., John Bigger and Tim O'Neil was effective when ordered; or in the alternative if by clerical error a 'certified copy' of the Order of Remand was not mailed to the clerk of state court, plaintiff moves the Court for an immediate order *nunc pro tunc* to correct the record." Powell requests all costs and expenses entailed in effectuating remand.

In support of his contention that this case should be remanded to state court, Powell contends that his claims against AFS have nothing do with any remaining bankruptcy administrative proceedings. Consequently, Powell contends that this court no longer has jurisdiction over any of his claims. "Plaintiff is not quarreling with this Court's determination, based on the record *then* before it, that the bankruptcy court at one time may have '*had* ' subject matter jurisdiction to consider these disputes." Powell contends that federal subject matter jurisdiction has since "lapsed" because "[f]or a long time now, **creditors of the AFS estate have been paid in full 130 percent of allowed claims—the**

---

**5.** Powell indicates that "after January of 1995, the state court adjudicated all pretrial proceedings, ruled [on] discovery, allowed amendments of pleadings, allowed joining of additional parties, ruled [on] defendants' motion for summary judgment, and entered a detailed pretrial proceeding, setting trial for March 3, 1997—until defendant's most recent machinations derailed the train."

maximum contemplated by the Plan—such that there is *no* possibility that Powell's state law claims can in any manner 'conceivably have any effect on the state being administered in bankruptcy.'" (footnote omitted). "Another vital fact not heretofore brought to this Court's attention is the fact that defendants O'Neil, Bigger, Perillo, AFS, and Anuhco all have insurance coverage available to indemnify for Powell's claims. Thus AFS "estate assets" (if there is any such thing left today) are not affected." In short, Powell contends that "there is *no* federal claim, there is no complete diversity, there is *no* longer any effect or 'administration of the bankruptcy estate,' nor bankruptcy 'assets' in need of federal protection." Powell contends that none of his claims, including his claims against AFS, "affect the amount of property available for distribution or the allocation of property among creditors." Powell also contends that this case should be remanded immediately under the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) [6] or in the alternative, in the exercise of its discretion under 28 U.S.C. § 1452(b).

Powell's motions to remand advance a position which is, as a practical matter, the reverse image of the position taken by AFS in its cross-appeal. In its response to Powell's motion to remand and in its briefs on its cross-appeal, AFS contends that Powell's claims against Anuhco, Inc., John Bigger and Tim O'Neil were never actually remanded to state court. Because a certified copy of the order of remand was never actually mailed to the state court,[7] it is AFS' position that this case never actually left federal court. Consequently, it is AFS' contention that all of the activities occurring in state court are void ab initio.[8]

AFS contends that mandatory abstention under § 1334 does not apply because (1) this court has core jurisdiction over Powell's claims against AFS; (2) Powell could have commenced his claims against both AFS and Perillo in federal court; and (3) there is no case against AFS or Perillo currently pending in state court.

In regard to Perillo's removal, Perillo contends that his act was not improperly motivated to cause delay, but instead was the product of first learning on or about December 17, 1996, that the possibility of removing this case to federal court existed. Perillo contends that this court has jurisdiction over Powell's claims against him as they are "related to" a bankruptcy case in this court. Perillo also contends that this court has diversity of citizenship jurisdiction as the amount in controversy is in excess of $50,000 and that he resides in Wisconsin, whereas Powell is a resident of Kansas. Perillo contends that the one-year time bar of § 1446 should not apply in this case because "it is unclear when, if ever, Perillo was effectively added to the state court action."

---

**6.** The mandatory abstention provision in 28 U.S.C. § 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

"Thus, for mandatory abstention to apply to a particular proceeding, there must be a timely motion by a party to that proceeding, and the proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding." *In re Dow Corning Corp.*, 113 F.3d 565, 570 (6th Cir.1997) (citation omitted), *cert. denied*, ⎯ U.S. ⎯, 118 S.Ct. 435, 139 L.Ed.2d 334 (1997). *See In re Midgard Corp.*, 204 B.R. 764 (10th Cir. BAP 1997) (discussing mandatory abstention).

In light of its decision to remand this case under 28 U.S.C. § 1452(b), it is unnecessary for the court to expressly decide whether mandatory abstention is appropriate in this case.

**7.** AFS also argues that the bankruptcy court lacked jurisdiction to effectuate its remand order because it had filed an appeal to this district court.

**8.** The court's decision to remand this case to state court obviates the need to determine whether the state court's actions are void ab initio. Upon remand of this case, the state court can simply readopt, if it so chooses, its prior rulings and simply proceed to trial.

Alternatively, Perillo contends that because the state court lacked subject matter jurisdiction over Powell's claims due to the failure to effectively remand the case to state court, the state court's orders, including its order adding Perillo as a defendant, are void, and therefore Powell should be permitted to add Perillo as a defendant in this court for the first time.

In the event that Perillo's removal effort is ultimately deemed by the court as inappropriate, he asks the court to not assess him any costs in light of the complicated issues involved in this case.

Powell responds, arguing that it would work a great injustice to ignore all of the proceedings that have occurred in state court in light of the fact that Anuhco, Inc., John Bigger and Tim O'Neil actively participated and defended this case in state court for two years without ever raising the issue before either the federal or state court. It is only because of footnote number 16 in this court's December 17, 1997, memorandum and order that these defendants even raise this argument. Powell stresses that it is his greatest fear that at some point in time in the future another court may decide that this court lacks subject matter jurisdiction over some or all of these claims and that the parties will have completely wasted time, money and resources for absolutely no reason. Powell suggests that remand to state court is both appropriate and prudent.

### Overview

This particular cluster of issues presents several difficult, interrelated and overlapping questions of law. Although the parties' arguments about this tangled web of issues are often diametrically opposed, one point upon which all of the parties and this court agree is that this case is singularly unique in its complexity. Issues implicating questions about federal jurisdiction, removal, bankruptcy law and appellate procedure abound.

The court's primary desire in all cases is to dispense justice. Achieving that goal is particularly difficult in this case as the tension between competing legal principles makes it difficult to decide which interest trumps another. As there must be a starting point to this inquiry, the court will turn its attention to the weightiest issue presented by the plaintiff: the question of subject matter jurisdiction.

### Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir.1994). This court's jurisdiction is established by the Constitution and acts of Congress. *See United States v. Hardage*, 58 F.3d 569, 574 (10th Cir.1995) ("Federal courts have limited jurisdiction, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2103–04, 72 L.Ed.2d 492 (1982), and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, *id.* at 701–02, 102 S.Ct. at 2103–04, and the Constitution, Article III, Section 2, Clause 1.").

The Tenth Circuit has commented on the limited jurisdiction of the federal courts and summarized the duties of the district court in considering whether it has jurisdiction to consider a case:

"The Federal Rules of Civil Procedures [sic] direct that 'whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.' " [*Tuck v. United Services Automobile Ass'n,*] 859 F.2d 842, 844 (10th Cir. 1988) (quoting Fed.R.Civ.P. 12(h)(3)), *cert. denied*, 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989). Moreover, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974) (emphasis in original). Nor may lack of jurisdiction be waived or jurisdiction be conferred by "consent, inaction or stipulation." *Id.* Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. *Id.*

*Penteco Corp. v. Union Gas System*, 929 F.2d 1519, 1521 (10th Cir.1991).

These same legal principles are equally applicable to removed actions. "Of course, defects going to the removal court's subject matter jurisdiction are not waivable and may be raised at any time." 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3721 at 229 (2d ed.1985). "The right to secure remand when a federal subject matter jurisdiction basis for removal is absent cannot be waived." 14A *Federal Practice and Procedure* § 3739 at 572.

Powell concedes that prior to the full payment of all creditors outlined in the confirmed plan, this court had subject matter jurisdiction over his claims based upon their potential effect on the administration of the plan—namely that if he were successful on his claims against AFS, that they would potentially disrupt the repayment provisions of the plan. Now that all of the creditors (other than Anuhco) have been paid 130% of their claim as provided for in the plan, Powell contends that his claims against AFS, Perillo, Anuhco, Bigger and O'Neil "no longer 'affect the property of the estate.'" Therefore, it is Powell's contention that this court has lost jurisdiction over his claims and that this court should remand all claims and parties back to state court, a court that clearly can exercise jurisdiction.

AFS responds, arguing that not all of its "creditors" have in fact been repaid. All but one creditor—Anuhco—has been repaid. Because Anuhco still stands as a creditor to AFS, Powell's claims still "affect the property of the estate." AFS also contends that although all but one creditor has been repaid, federal jurisdiction cannot be lost based upon subsequent events. Citing diversity and other federal cases, AFS contends that once this court acquired jurisdiction, it cannot lose jurisdiction the case reaches its conclusion.[9]

■ Despite the payment of all but one of AFS' creditors, the court believes that it still has jurisdiction to consider this case. The court reaffirms its conclusion in its December 17, 1997, memorandum and order that it at least has "related to" jurisdiction over these cases.[10] The express provisions of the plan have not yet been fulfilled as AFS has not yet received what it is due. Powell's suggestion that this case has "nothing" to do with AFS' bankruptcy case is belied by his other appeal to district court, an appeal in which he argues that the bankruptcy court erred in failing to require AFS to set aside funds in the event that he ultimately prevails against it on his tort and breach of contract claims. The court believed and continues to believe that it has jurisdiction under § 1334 to entertain these cases.

---

**9.** Although it is true that events subsequent to filing the complaint will not strip the court of diversity jurisdiction, *see Rosado v. Wyman*, 397 U.S. 397, 405 n. 6, 90 S.Ct. 1207, 1214 n. 6, 25 L.Ed.2d 442 (1970) ("[A] federal court does not lose jurisdiction over a diversity action which was well founded at the outset even though one of the parties may later change domicile or the amount recovered falls short of $10,000."), several cases suggest that the same is not true in the bankruptcy context:

The Seventh Circuit has repeatedly emphasized that the bankruptcy court should interpret its jurisdiction narrowly. *Zerand–Bernal Group, Inc.. v. Cox*, 23 F.3d 159, 161 (7th Cir.1994); *Home Ins. Co.*, 889 F.2d at 749. In doing so, the court must also be mindful of the possibility that, even though it may have acquired jurisdiction over a particular controversy at one point in time, it may lose that jurisdiction because of subsequent events. As a result, the bankruptcy court should satisfy itself that it continues to have jurisdiction at every stage of the litigation. *Cf. Matter of Deist Forest Products, Inc.*, 850 F.2d 340, 342 (7th Cir.1988).

*In re Import & Mini Car Parts, Ltd., Inc.*, 200 B.R. 857, 860 (Bkrtcy.N.D.Ind.1996), aff'd, 203 B.R. 124, aff'd, 97 F.3d 1454 (7th Cir.1996) (Table). Stated another way,

Bankruptcy is not forever. *Pettibone Corp. v. Easley*, 935 F.2d 120, 121 (7th Cir.1991). Neither is the jurisdiction exercised by the bankruptcy court. That jurisdiction "extends no farther than its purpose." *Xonics*, 813 F.2d at 131. When that purpose no longer exists, neither does the court's jurisdiction. At that point, "bankruptcy jurisdiction lapses." *Matter of Kilgus*, 811 F.2d 1112, 1117 (7th Cir. 1987) (citing *In re Chicago, Rock Island & Pacifc Railroad*, 794 F.2d 1182, 1187–88 (7th Cir.1986)). *See also Xonics*, 813 F.2d at 131. *In re Sieger*, 200 B.R. 636, 638 (Bkrtcy.N.D.Ind. 1996).

**10.** Because the court does not expressly decide the issue of whether mandatory abstention is appropriate under § 1334(c), it is unnecessary for the court to decide whether this court has "core" or "non-core" jurisdiction.

## Remand to State Court Under
## 28 U.S.C. § 1452(b)

Because this court has jurisdiction over these cases, it is necessary to turn to the additional issues and concerns raised by the parties. Both sides to this dispute appear to agree that the issues presented in this case should be resolved in one forum. Powell believes that the state court provides the best forum; AFS and the other defendants apparently want these matters tried in federal court. Avoidance of piecemeal litigation attributable to parallel litigation in two forums is clearly a laudable goal. This court agrees that this case should be tried in one forum.

■ Based upon its careful consideration of the unusual facts and circumstances of this case, the court, in the exercise of its discretion under 28 U.S.C. § 1452(b), remands Powell's claims against the defendants to state court.[11] Section 1452 provides:

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Equitable grounds clearly justify remand of Powell's claims against the defendants to state court. The parties to this litigation have spent almost two years litigating this case in state court. Although the defendants graciously offer to stipulate to any favorable rulings issued by the state court, they are apparently unwilling to agree to be bound by any ruling they deem unfavorable. Under these circumstances, the state court's efforts to bring this matter to trial will largely be wasted if this matter is tried in federal court. Notions of comity are clearly served by remanding this case. The time, money and resources of the parties will also be squandered if this case is tried in federal court. Moreover, to posture this case for trial in federal court will require a substantial amount of duplication of the work already performed by the state court prior to Perillo's removal. Although the court believes that it has jurisdiction to consider these cases under § 1334, there nevertheless exists the remote possibility that another court will see it otherwise, and therefore a colossal amount of time, money and resources would be completely wasted if this case were tried in federal court.

■ In light of its decision to remand Powell's claims against all defendants, including his claims against Perillo, to state court, the court must now decide whether it is appropriate to abstain on AFS' declaratory judgment action against Powell.

### Abstention on AFS' Adversarial Proceeding

Of the four recognized types of abstention,[12] the only one now before the court is *Colorado River abstention.*

The *Colorado River* doctrine applies to "situations involving the contemporaneous

---

**11.** The court assumes without deciding that all of the defendants including Perillo are properly before this court. Even if this assumption is wrong, it simply means that all of Powell's claims are already in state court, and at worst, this order does nothing more than reaffirm the state of facts as they now exist.

**12.** These are *Pullman* abstention, *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *Burford* abstention,

*Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *Colorado River* abstention, *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); and *Younger* abstention, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See Grode v. Mutual Fire, Marine and Inland Ins. Co.,* 8 F.3d 953 (3d Cir. 1993) (discussing four types of abstention).

exercise of concurrent jurisdictions ... by state and federal courts." [*Colorado River Water Conservation District. v. United States,* 424 U.S. 800], at 817, [96 S.Ct. 1236], at 1246, [47 L.Ed.2d 483 (1976)]. Although not a true form of abstention, *see id.; Attwood v. Mendocino Coast Dist. Hosp.,* 886 F.2d 241, 243 (9th Cir.1989), the doctrine is often treated as a variety of abstention and is governed by the general principle that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," *Colorado River,* 424 U.S. at 813, 96 S.Ct. at 1244. The doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* at 817, 96 S.Ct. at 1246 (*quoting Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)).

. . . . .

"[T]he decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 19, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983). Such discretion, however, "must be exercised under the relevant standard prescribed by [the Supreme] Court." *Id.* In *Colorado River,* the Court held that, in light of

> the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them ... and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention.

424 U.S. at 817–18, 96 S.Ct. at 1246 (citations omitted). Thus, declining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in "exception-

al" circumstances. *Id.* at 818, 96 S.Ct. at 1246; *Moses H. Cone,* 460 U.S. at 19, 103 S.Ct. at 938.

*Fox v. Maulding,* 16 F.3d 1079, 1080–81 (10th Cir.1994). In *Allen v. Board of Educ., Unified School Dist. 436,* 68 F.3d 401 (10th Cir.1995), the Tenth Circuit set forth a summary of the procedure and factors for determining whether abstention is appropriate:

> Before reaching the abstention issue, the district court must determine "whether the state and federal proceedings are parallel. Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* at 1081 (citations and quotation omitted). The court should "examine the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings," *id.,* resolving any doubt "in favor of exercising federal jurisdiction," *id.* at 1082.

> If the district court determines the cases are not parallel, it should proceed. If the cases are parallel, the court must decide whether to abstain. Abstention is appropriate where (1) "a federal constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law[;]" (2) "difficult questions of state law" are present which impact "policy problems of substantial public import whose importance transcends the result in the case then at bar[;]" or (3) "federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Colorado River Water,* 424 U.S. at 814–16, 96 S.Ct. at 1244–45 (quotation and citations omitted). The court should also consider wise judicial administration with regard to conservation of judicial resources and comprehensive disposition of litigation, *id.* at 817, 96 S.Ct. at 1246, and may also look at which court first assumed jurisdiction over the action, the inconvenience of the federal forum, and the desirability of avoiding piecemeal litigation, *id.* at 818, 96 S.Ct. at 1246.

> These factors are not to be applied as "a mechanical checklist," but rather are to be carefully balanced "with the balance heavily weighted in favor of the exercise of

jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983); *see also Deakins v. Monaghan,* 484 U.S. 193, 203, 108 S.Ct. 523, 530, 98 L.Ed.2d 529 (1988) (federal courts have "virtually unflagging obligation" to exercise jurisdiction except in extraordinary case where continuing proceeding in state court would clearly serve "important countervailing interest") (quotations omitted); *Colorado River Water,* 424 U.S. at 813, 96 S.Ct. at 1243 (abstention is exception not rule).

No one factor is determinative. Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 817, 96 S.Ct. at 1246 (quotation omitted). . . .

68 F.3d at 403.

### Analysis

In this case is it appears that any proceedings in state court would be factually and legally identical to any proceedings in federal court. Powell's state law claims are basically the mirror image of AFS' declaratory judgment adversarial proceeding. The court is satisfied that AFS' declaratory judgment action would be a parallel proceeding to any state action on Powell's claims.

Having decided that the remaining proceedings in federal court are essentially parallel to the proceedings in state court, the court must decide whether abstention is appropriate. Having carefully considered all of the factors suggested by the Supreme Court and the Tenth Circuit, the court believes that abstention is appropriate in this case. In reaching this conclusion, the court is not unmindful of the fact that AFS initially won the race to the courthouse—a fact often given substantial weight in determining the appropriate forum. Moreover, based upon the broad nature of the relief sought by AFS in its declaratory judgment action, it seems ap-

parent that all of Powell's breach of contract and tort claims against AFS were probably compulsory counterclaims.

Nevertheless, based upon the course of events in state court—events in which AFS had no small part—it seems clear that the interests of justice are best served by remand of this case and abstention on AFS' parallel proceeding. Nary a word about a possible defect in the state court's jurisdiction was ever breathed prior to this court's December 17, 1996, memorandum and order. The state court, the parties and others have invested substantial time and effort to that case. Proceeding on AFS' declaratory judgment action would seemingly be a meaningless waste of time, particularly in light of the fact that the state court appears ready, willing and able to proceed immediately.

In short, this case falls within the exceptional circumstances warranting abstention. Judicial resources are conserved and piecemeal litigation is avoided.

### Stay or Dismissal

■ The Tenth Circuit has expressed a general preference in abstention cases for issuance of a stay rather than dismissal. *See Allen,* 68 F.3d at 403–04. In light of this preference the court stays, rather than dismisses, AFS' adversary proceeding against Powell pending final resolution of Powell's claims against AFS in state court.

### Propriety of Perillo's Removal

■ Powell asks the court to award him costs and attorney's fees regarding Perillo's "wrongful" removal of the case pending in state court.[13] Perillo denies that his removal was improper. Perillo argues, *inter alia,* that this court has "related to" jurisdiction over Powell's claims against him, or in the alternative that diversity of citizenship exists. In any event, Perillo contends that Powell should not be awarded costs or fees.

As Powell suggests, diversity of citizenship does not exist.[14] Powell and other named

---

**13.** Powell also asks for costs and fees from Anuhco, Bigger and O'Neil. That request is denied on essentially the same analysis upon which the court denies Powell's request for costs and fees from Perillo.

**14.** Although Perillo and Powell are residents of different states, complete diversity does not exist. *See Carden v. Arkoma Associates,* 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 108 L.Ed.2d 157, 163 (1990) ("Since its enactment, [the Supreme

defendants are residents of Kansas. The court doubts that anyone could have reasonably harbored any belief that diversity jurisdiction existed over Powell's claims against the defendants. However, as concluded above, the court believes that it has jurisdiction under § 1334. Although Powell contends that his claims against Perillo are not "related to" the bankruptcy proceeding, in this case awash with complicated jurisdictional issues, the court does not believe that Perillo's removal was wholly improvident. Perillo claims that he is entitled to indemnification from AFS if Powell prevails on his claims against him. In light of this fact, this court arguably has "related to" jurisdiction over Powell's claims against Perillo. In short, contrary to Powell's suggestion, it is not absolutely clear-cut that Perillo's removal was improper for lack of jurisdiction.

The timing of Perillo's removal is another issue. Perillo did remove this action close in time to the anticipated commencement of trial in state court. However, based upon the timing of this court's previous decision, the court does not believe that his acts were motivated by an improper purpose such as delay. Obviously any of the parties, including Perillo, could have subjected the state court's file to closer scrutiny at an earlier point in time, alerting the state court to the possibility of a jurisdictional problem. Whether that oversight should be pinned entirely on Perillo is doubtful. In any event, upon learning of the possibility that this court might conclude that Powell's claims against the Anuhco, Bigger and O'Neil were never remanded to state court, Perillo embarked on a course of action that hypothetically would have permitted the parties to try this matter in one lawsuit and in one forum. Perillo's conclusion that Powell's claims against the other defendants were never actually remanded to state court finds substantial support in the case law as a numerical majority of cases, including decisions from this court, seemingly suggest that federal jurisdiction is not lost until the certified copy of the order of remand is actually mailed to the state court.[15]

Court] has interpreted the diversity statute to require 'complete diversity' of citizenship.") *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

15. "An order of remand ends the jurisdiction of the federal court. The court is required to mail a certified copy of the order to the clerk of the state court, and upon the state court's receipt of this copy, the federal court is without power to vacate the order to remand, even if it is persuaded that the order was erroneous." 14A *Federal Practice and procedure* § 3739 at 588–89 (footnotes omitted).

Federal courts are apparently divided on the issue of whether the mailing (or the failing to mail) a certified copy of the order of remand has any impact on the district court's jurisdiction.

The general rule is that a district court loses jurisdiction over a case once it has completed the remand by sending a certified copy of the remand order to the state court. *See Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081 (3d Cir. 1992). This view is premised on both the language of § 1447(c) and (d) and the need to establish a determinable jurisdictional event after which the state court can exercise control over the case without fear of further federal interference. The district court is also barred from reconsidering its decision if the remand was under § 1447(c) and the case thereby falls under the bar of § 1447(d). *See, e.g., New Orleans Public Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir.1986) (per curiam); *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir.

1979) (per curiam). But the physical mailing of the certified copy is the key jurisdictional event to divest the district court of jurisdiction, because a remand order is not self-executing. *Hunt*, 961 F.2d at 1081 (*citing Bucy v. Nevada Constr. Co.*, 125 F.2d 213 (9th Cir.1942)). *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3rd Cir.1995); *see Seedman v. United States Dist. Court*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam); *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir.1984).

In contrast, in *In re Lowe*, 102 F.3d 731, 736 (4th Cir.1996), the Fourth Circuit, after considering cases from other circuits reaching the opposite conclusion, held "that a federal court loses jurisdiction over a case as soon as its order to remand the case is entered. From that point on, it cannot reconsider its ruling even if the district court clerk fails to mail to the state court a certified copy of the remand order." In reaching this conclusion, the Fourth Circuit stated: "Logic also indicates that it should be the action of a court (entering an order of remand) rather than the action of a clerk (mailing a certified copy of the order) that should determine the vesting of jurisdiction." *Van Ryn v. Korean Air Lines*, 640 F.Supp. 284, 285 (C.D.Cal.1985). To hold otherwise would impermissibly elevate substance over form. One party should not arbitrarily receive a second opportunity to make its arguments due to a clerical error. In sum, the plain language of the statute, the policy behind it, and logic all support the conclusion that § 1447 divests a

In any event, the stormy procedural history of this case and the difficult jurisdictional issues clearly clouded the issue of whether it was appropriate for Perillo to remove this case to this court. Perillo removed this case to federal court within thirty days of receipt of this court's December 17, 1996, memorandum and order. Jurisdiction over Powell's claims—at least the claims against AFS—exists under 28 U.S.C. § 1334. In light of these circumstances, the court denies Powell's request for an award of costs and attorney's fees.

### 5. Defendant Fred Perillo's Motion to Consolidate Cases 97–2033–JWL and Case No. 95–4069–SAC (Dk. 29).

In light of the court's decision to remand Powell's claims against the defendants to state court, this motion is denied as moot.

### Summary

In arriving at the conclusion that Powell's case against the defendants should be remanded to state court, the court has considered all of the arguments and all of the alternatives suggested by the parties. Under the unusual facts and circumstances of this case, remand of Powell's claims against the defendants is appropriate. The court also concludes that it is proper to stay further proceedings in AFS' adversary proceeding against Powell under *Colorado River* abstention.

IT IS THEREFORE ORDERED that the Motion of American Freight System, Inc. for Rehearing Pursuant to Bankruptcy Rule 8015 or, in the Alternative, For Leave to File a Motion for Rehearing Pursuant to District Court Local Rule 83.8.10 (Dk. 26) is denied.

IT IS FURTHER ORDERED that the Motion of American Freight System, Inc., Requesting a Nunc Pro Tunc and Supporting Memorandum (Dk. 25) is denied.

IT IS FURTHER ORDERED that Powell's motions for remand (Dk. 13 and Dk. 34) are granted in part and denied in part. The claims Powell asserts against all of the defendants, including Perillo, in adversarial proceeding number 94–7023 and in Case No. 97–2033–SAC are remanded to the District Court of Johnson County, Kansas. The clerk of this court shall immediately mail a certified copy of this order of remand to the state court. Powell's request for an award of costs and attorney's fee for Perillo's removal of state Case Number 94 C 426 to federal court is denied. Powell's request for an award of costs and attorney's fees for achieving this remand to state court of all of his other claims is denied.

IT IS FURTHER ORDERED that the relief sought by AFS' cross-appeal is denied as moot in light of the court's decision to remand Powell's claims against the defendants to state court.

IT IS FURTHER ORDERED that Defendant Perillo's motion to consolidate Cases 97–2033–JWL and Case No. 95–4069–SAC (Dk. 29) is denied as moot.

IT IS FURTHER ORDERED that adversarial proceeding number 93–7179 is stayed pending final disposition of Powell's claims against AFS in state court.

district court of jurisdiction upon the entry of its remand order. Our case law is totally in accord with this interpretation of § 1447. In our only case directly addressing the question, *Three J Farms, [Inc. v. Alton Box Board Co.,* 609 F.2d 112 (4th Cir.1979)] we concluded that "the entry of the order of remand" on the date of the entry of that order "divested the district court of all jurisdiction in this case and precluded it from entertaining any further proceedings of any character, including the defendants' motion to vacate the original remand order." *Three J Farms,* 609 F.2d at 115. *Id.* at 735. Other courts have under the particular facts and circumstances of the case before

them that the failure to actually mail the certified copy of the order of remand did not vitiate all of the proceedings before the state court. *See, e.g., Johnson v. Estelle,* 625 F.2d 75 (5th Cir.1980).

Neither the parties nor this court located definitive Tenth Circuit precedent. In the past, however, this court has clearly operated under the assumption that it is the mailing of the certified copy of the order is the event divesting the federal district court of jurisdiction. *See Todd v. Richmond,* 877 F.Supp. 1485 (D.Kan.1995). In light of the court's decision to remand Powell's case against the defendant's to state court, the point is in large part academic.