F I L E D
United States Court of Appeals
Tenth Circuit

MAY 13 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM C. BARBA,

Plaintiff-Appellant,

v.

TAOS SKI VALLEY, INC.,

Defendant-Appellee.

No. 97-2091
(D.C. No. CIV-95-749-JP)
D. New Mexico

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **LOGAN**, and **MURPHY**, Circuit Judges.

In this diversity tort action plaintiff William C. Barba appeals from the district

court's grant of summary judgment in favor of defendant, Taos Ski Valley, Inc. (Taos).

Plaintiff was injured when he hit a picnic table while skiing on Porcupine trail at Taos

and brought this action under the New Mexico Ski Safety Act, N.M. Stat. Ann. §§ 25-15-

1 to 24-15-14 (the "Act"). On appeal, plaintiff asserts that the district court erred in

determining there was no issue of material fact as to whether Taos breached its duties

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

under the Act and the alleged breach was the proximate cause of his injuries.  See id.

§ 24-15-14(A) (actions under Ski Safety Act exclusive remedy).  Because plaintiff failed

to produce evidence to show a genuine issue of material fact that defendant may have

breached its duties under the Act, we need not reach the question whether the alleged

breach was the proximate cause of plaintiff's injuries.[1]

> We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c).  Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.  If there is no genuine issue of material fact in dispute, then we next determine if the substantive law was correctly applied by the district court.
>
> While the movant bears the burden of showing the absence of a genuine issue of material fact, the movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim.  If the movant carries this initial burden, the non-movant may not rest upon its pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant.

Wolf v. Prudential Insurance Co., 50 F.3d 793, 796 (10th Cir. 1995) (quotations and

citations omitted).

---

[1]  We grant plaintiff's motion to submit the original sized Taos Ski Valley trail map as a part of the appellate record in lieu of the reproduction contemplated by 10th Cir. R. 30.1.3.

We first address plaintiff's contention that he presented evidence creating a triable issue of fact on whether Taos breached its duties under the Act. §§ 24-15-7(C) and (I). Before the 1997 amendment § 7 of that Act provided in pertinent part:

Every ski area operator shall have the following duties with respect to the operation of a skiing area:

. . . .

C. to mark conspicuously the top or entrance to each slope, trail or area with the appropriate symbol for its relative degree of difficulty; and those slopes, trails or areas which are closed, or portions of which present an unusual obstacle or hazard, shall be marked at the top or entrance with the appropriate symbols as are established or approved by the national ski areas association as of the effective date of the Ski Safety Act and as shall be modified from time to time:

. . . .

I. to warn of or correct particular hazards or dangers known to the operator where feasible to do so.

N.M. Stat. Ann. §§ 24-15-7(C) & (I).

The district court, citing the above statutes, correctly summarized Taos' duties in three parts:

First, [Taos] must mark each trail's degree of difficulty. Such marking must be made with the appropriate symbol, must be at the top or entrance to the trail, and must be conspicuous. Second, [Taos] must mark those trails that are closed, and those parts of trails that present an unusual obstacle or hazard, with the appropriate symbol established or approved by the national ski areas association ("NSAA"). These markings must also be positioned at the top of or entrance to the trail but need not be conspicuous. Third, under section I., [Taos] must warn of or correct hazards or dangers that it knows about when it is feasible to do so.

- 3 -

Appellant's App. 199.

Plaintiff cites Lopez v. Ski Apache Resort, 836 P.2d 648 (N.M. Ct. App. 1992), to support his argument that summary judgment is not appropriate. Although Lopez stated that the determination of "[w]hether a duty [under the Act] has been breached is a question of fact," 836 P.2d at 655, it also stated that the determination of "[w]hether a duty exists is generally a question of law for the court to determine." Id. Here the district court granted summary judgment because it determined that plaintiff did not offer any evidence on which a jury could find that Taos breached any of its duties under the Act.

Plaintiff was injured while skiing the Porcupine run, an intermediate level slope at Taos, when he fell and slid into a picnic table located on the right side of the trail inside but next to the trail's boundary line. He asserts that the table was an "unusual obstacle or hazard" under § 7(C) of the Act that should have had a special warning rope, banner, or sign near the location specifically warning of the presence of the picnic table. In support of this argument plaintiff offered testimony by Dick Penniman. But the district court determined that Penniman was not qualified to testify as an expert on compliance with the Act. See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996) (suggesting expert testimony is required to indicate that action "fell outside industry norms established by NSAA standards"). Defendant, on the other hand, presented expert testimony that at the top the trail entrance was marked with a map that indicated the presence of the picnic table on the side of Porcupine trail, at its approximate location.

Defendant's expert testified that the trail map, together with a sign on the trail warning of unmarked obstacles, met the requirements of the Act. Although plaintiff argues that Taos was required to "conspicuously" warn of unusual obstacles or hazards, as the district court pointed out the Act does not require the warnings to be conspicuous.

Plaintiff now argues that not only was the picnic table on the trail not conspicuously marked, it was not marked at all. Because it was not raised below this argument is waived. See Tele-Communications, Inc. v. Commissioner of Internal Revenue, 104 F.3d 1229, 1232-33 (10th Cir. 1997). In any case, the admissible expert testimony was that the marking and warning of the table was properly done.

Plaintiff relies on § 2 of the Act, which sets forth its purpose--"to protect its citizens and visitors from unnecessary hazards in the operation of ski lifts and passenger aerial tramways." N.M. Stat. Ann. § 24-15-2(A). Plaintiff asserts that the table was an unnecessary hazard within the meaning of that section. We reject this argument in part because § 7, not § 2, sets out the specific duties for ski operators in a skiing area.

Plaintiff also argues that defendant violated § 7(I) of the Act. Plaintiff asserts he presented evidence on which a jury could find the table was a hazard or danger that Taos knew about, and thus had a duty to warn of or correct. The district court, however, found there was uncontroverted evidence that Taos did not "know" that the picnic table was a hazard because it had been at that same location for more than twenty years and no one had collided with it. Further, Taos submitted uncontroverted evidence that even if the

picnic table was an "unusual hazard," the trail map board marking the location of the picnic table on Porcupine run, and the sign warning of unmarked obstacles, were adequate under the standards of the National Ski Areas Association, and therefore, under the Act.

Plaintiff also argues that rather than warn of the picnic table, the operator should have corrected the hazard. But the plain language of the Act specifically states that the operator must "warn of <u>or</u> correct" hazards. N.M. Stat. Ann. § 24-15-7(I) (emphasis added).

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge