### In re AMERICAN FREIGHT SYSTEMS, INC., Debtor.

In re Anuhco, Inc. (f/k/a American Carriers, Inc.), Debtor.

American Freight System, Inc., Plaintiff,

v.

Norman R. Powell, Defendant.

Norman R. Powell, Plaintiff,

v.

Anuhco, Inc., et al., Defendant.

Nos. 97–2033–SAC, 95–4069–SAC. Bankruptcy Nos. 88–41050– 11, 88–41265–11. Adversary Nos. 93–7179, 94–7023.

United States District Court, D. Kansas, Topeka Division.

Sept. 15, 1998.

P. John Brady, Gregory Bentz, James C. Sullivan, Shughart, Thomson & Kilroy, P.C., James R. Hess, Law Offices of Mark R. Rudoff, Kansas City, MO, for American Freight System, Incorporated.

P. John Brady, Gregory Bentz, James C. Sullivan, Shughart, Thomson & Kilroy, Kansas City, MO, for Anuhco, Incorporated.

Bert S. Braud, Dennis E. Egan, The Popham Firm, R. Pete Smith, Jonathan A. Margolies, McDowell, Rice, Smith & Gear, Kansas City, MO, for Norman Powell.

1. AFS' declaratory judgment action was essentially the mirror image of Powell's own action against AFS.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

*In re American Freight System, Inc.*, 205 B.R. 290 (D.Kan.1996). On September 19, 1997, this court entered an order which, *inter alia*, denied AFS' motion for reconsideration, remanded Powell's claims against AFS and similarly aligned defendants in adversarial proceeding number 94–7023 and in Case No. 97–2033–SAC to the District Court of Johnson County, Kansas, and stayed AFS' declaratory judgment action against Powell[1] in adversarial proceeding number 93–7179 under *Colorado–River* abstention pending final disposition of Powell's claims against AFS in state court. *In re American Freight Systems, Inc.*, 214 B.R. 914 (D.Kan.1997).

On April 23, 1998, the Tenth Circuit entered an opinion reversing this court's conclusion that Powell could assert his breach of contract and tort claims against AFS for his purported incentive agreement even though he did not obtain prior approval from the bankruptcy court. *In re American Freight System, Inc.*, 145 F.3d 1345 (10th Cir.1998). Apparently unknown to the Tenth Circuit at the time it entered its opinion, all of the parties to this litigation had resolved by settlement all issues in this case. Consequently, upon learning of the parties' global settlement, on July 30, 1998, the Tenth Circuit issued an opinion vacating its order and judgment filed on April 23, 1998. The Tenth circuit's opinion goes on to state that "[t]his appeal is dismissed with instructions to remand to the district court with directions to that court to vacate the judgment entered in this matter."

As this court's file contained no documents regarding the terms and conditions of the parties' settlement, upon receipt of the Tenth Circuit's mandate, this court asked the parties to submit an agreed upon proposed final journal entry to evidence the terms and conditions of their settlement agreement, to close this case in the manner contemplated by the parties and the Tenth Circuit, and to

obviate the need to resolve any questions that might arise in the future. This week the court received the parties' "Proposed Final Journal Entry" which indicates that the parties to these adversarial proceedings have resolved all issues, stipulate to the dismissal of all claims brought by Norman Powell against AFS with prejudice, and that costs be shared by each party. The court orders the Clerk of the Court to file that pleading contemporaneously with this memorandum and order.

The court enters this memorandum and order separately from the "proposed final journal entry" to tie up all loose ends, to comply with the Tenth Circuit's directive and to aid the Clerk's office in closing these cases for statistical and other purposes. In light of the parties' settlement of all issues, and in accordance with the Tenth Circuit's instructions, this court vacates its orders entered on December 17, 1996, (*In re American Freight System, Inc.*, 205 B.R. 290 (D.Kan.1996)) and on September 19, 1997, *In re American Freight Systems, Inc.*, 214 B.R. 914 (D.Kan. 1997). The stay issued by this court in adversary proceeding number 93–7179 is dissolved; adversary proceeding number 93–7179 is closed in light of the parties' settlement of all issues. Each party shall bear its own cost. All claims in these cases are dismissed with prejudice in light of the parties' settlement of all issues. These cases are now closed.

IT IS THEREFORE ORDERED that the memorandum and orders entered by this court on December 17, 1996, (*In re American Freight System, Inc.*, 205 B.R. 290 (D.Kan. 1996)) and on September 19, 1997, *In re American Freight Systems, Inc.*, 214 B.R. 914 (D.Kan.1997) are vacated in light of the parties' settlement and in accordance with the Tenth Circuit's instructions. All claims in these cases are dismissed with prejudice in light of the parties' settlement of all issues.

IT IS FURTHER ORDERED that the stay issued by this court in adversary proceeding number 93–7179 is dissolved; adversary proceeding number 93–7179 is closed in light of the parties' settlement of all issues.

IT IS FURTHER ORDERED that each party shall bear its own cost.

IT IS FURTHER ORDERED that the Clerk of the Court to file the court approved "Proposed Final Journal Entry" contemporaneously with this memorandum and order.