**In re MELRIDGE, INC., Debtor.**

**Bankruptcy No. 387–06589–P11.**
**Civil No. 89–1027–FR.**

United States District Court,
D. Oregon.

Dec. 5, 1989.

Albert N. Kennedy and Stuart M. Brown, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, Or., for debtor.

S. Stephen Nakashima, San Jose, Cal., John R. Eastling, San Francisco, Cal., and Robert J. Vanden Bos and Ann K. McNamara, Portland, Or., for William and Paula Zappettini and California Flower Market.

FRYE, District Judge:

The matter before the court is the motion of California Flower Market, Inc. (California Flower Market) and William and Paula Zappettini to disqualify the law firm of Tonkon, Torp, Galen, Marmaduke & Booth (Tonkon, Torp) from representing the debtor, Melridge, Inc. (Melridge) in the appeal now before the court.

## BACKGROUND

The Honorable Elizabeth L. Perris of the United States Bankruptcy Court ruled on the motions in each of three adversary proceedings and in the main bankruptcy case on August 30, 1989. Judge Perris found that the requirements of 11 U.S.C. § 327(e) apply. Judge Perris stated: "At this point, Tonkon Torp essentially is special counsel, and it's held to the standard of Section 327(e) that precludes employment if the firm holds any interest adverse to the debtor or the estate with respect to the matter on which such attorney is to be employed." (Transcript, p. 8). Judge Perris concluded that Tonkon, Torp did not hold an interest adverse to Melridge's in the adversary proceedings because "legal malpractice" was not an issue in those proceedings. However, Judge Perris then stated: "Whether an adverse interest exists with respect to the appeals is for the Appellate Court to decide.... I'll defer that and let you take it up with the Appellate Court." (Transcript, pp. 8–9).

California Flower Market and the Zappettinis now move to disqualify Tonkon, Torp from representation of Melridge in the appeal now before this court.

### The Appeal

The appeal before this court is from the order of the bankruptcy court sustaining California Flower Market's objections to the assumption of leases filed April 27, 1989. In that order, the bankruptcy court found that the leases of Melridge with California Flower Market were deemed rejected on the sixty-first day following the filing of Melridge's petition for relief, and as a result thereof were terminated. The decision of the bankruptcy court was founded upon the fact that Melridge failed to file a timely motion under section 365(d)(4). The bankruptcy court held that equitable principles of waiver and estoppel are not applicable to the automatic rejection provisions of section 365(d)(4) and that Melridge's leases with California Flower Market were deemed rejected and therefore were terminated.

Melridge appeals from that order and is represented in this appeal by the law firm of Tonkon, Torp.

### The Issue

California Flower Market and the Zappettinis argue that Tonkon, Torp must be disqualified from representing Melridge in this appeal because Tonkon, Torp is not a disinterested party. California Flower Market and the Zappettinis explain that Tonkon, Torp may be liable to Melridge in a legal malpractice claim for failing to file a motion to assume the lease within sixty days of the date the petition for relief was filed. California Flower Market and the Zappettinis argue that the issue of the failure of Tonkon, Torp to file the required timely notice is the exact issue now before the court in this appeal, and that Tonkon, Torp cannot be a disinterested party because the outcome of the issues on the merits may have a direct financial impact upon Tonkon, Torp. California Flower Market and the Zappettinis argue that even if the interests of the estate and Tonkon, Torp are aligned with respect to winning the appeal, practical decisions regarding strategy in the litigation, including settlement, which may be in the best interests of the estate, may be against the best interests of the law firm. California Flower Market and the Zappettinis assert that the code of professional responsibility as well as section 327(e) require that Tonkon, Torp

be disqualified and that the estate seek disinterested counsel on the risks of continuing the appeal. California Flower Market and the Zappettinis further argue that disclosure is not adequate because there has not been full and voluntary disclosure to the bankruptcy court or to the creditors.

Tonkon, Torp argues that the provisions of section 327(e) are not applicable because the reorganized debtor, Aurora Bulb Corp. (ABC), is no longer required to obtain court authorization to employ or compensate professionals pursuant to 11 U.S.C. § 327. Since the bankruptcy plan was confirmed over eight months ago, Tonkon, Torp argues that ABC is free to operate its affairs without regard to the limitations of the Bankruptcy Code. Tonkon, Torp further argues that even if the provisions of section 327 apply, and even if all of the allegations of California Flower Market and the Zappettinis are true, the interests of Tonkon, Torp are not adverse to the interests of ABC in this appeal. Finally, Tonkon, Torp asserts that adequate disclosure has been made.

### The Analysis

Tonkon, Torp has a likely conflict of interest in this action with ABC. Tonkon, Torp's conduct in the continued litigation over the California Flower Market lease is likely to be influenced by the colorable malpractice claim. Under the Oregon Code of Professional Responsibility, Disciplinary Rules 5–101 and 5–105 permit representation in the case of a likely conflict of interest if the conflict is waived after full disclosure. ABC has waived the conflict. (*See* Exhibit A to Affidavit of Albert Kennedy in support of response to the Zappettinis' motion to disqualify Tonkon, Torp). This waiver is adequate to satisfy the standards of the Oregon Code of Professional Responsibility.

The more difficult issue is whether the provisions of section 327(e) applies to the representation by Tonkon, Torp of ABC. Section 327(e) states:

The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Tonkon, Torp argues that the provisions of 11 U.S.C. § 327 relating to the employment of professionals by a trustee are made applicable to a debtor-in-possession in a case under Chapter 11 of the Bankruptcy Code by 11 U.S.C. § 1107. Tonkon, Torp argues that ABC is not a debtor-in-possession because the plan was confirmed and substantially consummated over eight months ago. Tonkon, Torp argues that ABC is free to operate its business and conduct its affairs without regard to the limitations and restrictions set forth in 11 U.S.C. § 327 as to employing or compensating professionals.

California Flower Market and the Zappettinis agree that as a general rule section 327 does not apply after the confirmation and substantial consummation of a plan. However, California Flower Market and the Zappettinis assert that section 327 continues to apply after confirmation in at least two circumstances, both of which are present here, as follows: 1) where specific activity is directly related to furtherance of consummation of the plan itself, the provisions of the Bankruptcy Code, including section 327, continue to apply to those specific activities; and 2) where the terms of the confirmed plan of reorganization provide for retention of jurisdiction by the bankruptcy court with respect to certain matters, all provisions of the code continue to apply with respect to the matters over which jurisdiction was retained. California Flower Market and the Zappettinis rely upon numerous provisions in the Seventh Amended Plan, which provide that the bankruptcy court will continue to exercise jurisdiction over the dispute concerning the California Flower Market lease and that the expenses of the continued litigation, including Tonkon, Torp's fees in the appeal, will be paid as administrative claims made pursuant to section 330 of the Code, entitled to the priority pursuant to section 364 or section 503 and 507(a)(1) of the Code.

California Flower Market and the Zappettinis assert that the provisions of the Code continue to apply to matters over which the plan retains jurisdiction, and that the appeal in this matter specifically falls within that jurisdiction.

The disputes between California Flower Market, the Zappettinis, and ABC are in consummation of the plan. The legal services and expenses being rendered by Tonkon, Torp to ABC in furtherance of that dispute are administrative expenses under the plan entitled to priority payment. California Flower Market and the Zappettinis assert that this priority payment under section 503 subjects counsel for ABC to the disinterestedness requirement of section 327. The bankruptcy judge concluded:

> [t]he disinterested requirement of Section 327 would not necessarily apply merely because counsel for the debtor seeks post-confirmation fees.
>
> . . . .
>
> ... Although [the] cases suggest or imply the applicability of Section 327, Section 330 applies to awards to debtor's counsel in addition to awards to professionals employed under Section 327 which indicates that mere court-approval payment of fees does not by itself bring Section 327 into play.

Transcript, pp. 6–7.

The bankruptcy court continued:

> One factor that I think suggests 327 should be applicable post-confirmation in connection with services rendered to a reorganized debtor is if counsel is pursuing claims which belong peculiarly to a bankruptcy trustee such as a voidance action.
>
> In this case, two of the adversary proceedings as pled involve the exercise of a trustee's powers. Those are the claims for relief in the adversary proceedings involving the violation of the stay. I realize those can be—could be pled as actions by the debtor, but the way they're pled in the adversary proceedings that are pending, I understand them to be actions that were brought on behalf of the debtor-in-possession for violations

of the stay, interference with property of the estate.

> At this point, Tonkon Torp essentially is special counsel, and it's held to the standard of Section 327(e) that precludes employment if the firm holds any interest adverse to the debtor or the estate with respect to the matter on which such attorney is to be employed.
>
> *Although Tonkon Torp has an interest adverse to the estate with respect to the potential malpractice claim, that claim is not the issue in the pending adversary proceeding claims for relief involving relief from stay—or violation of the stay, excuse me. Therefore, I find that Tonkon Torp does not hold an adverse interest with respect to the claims for relief in the adversary proceeding that involved peculiarly the trustee's powers.*
>
> Whether an adverse interest exists with respect to the appeals is for the Appellate Court to decide, Mr. Vanden Bos. I'll defer that and let you take it up with the Appellate Court.

Transcript, pp. 7–9 (emphasis added).

■■■ This court adopts the analysis of the bankruptcy court and concludes that Tonkon, Torp is subject to the disinterestedness requirement of section 327(e) functioning as special counsel on behalf of a claim over which the court retains jurisdiction under the plan. Tonkon, Torp has "an interest adverse to the estate with respect to the potential malpractice claim." (Transcript, p. 8). The potential malpractice claim is directly involved in the issues in the appeal currently before this court. As a result, the court concludes that the requirements of section 327(e) require the disqualification of Tonkon, Torp.

California Flower Market and the Zappettinis' motion to disqualify Tonkon, Torp is granted.