**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 23 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:  AMERICAN FREIGHT
SYSTEM, INC.,

        Debtor,

In re:  ANUHCO, INC., formerly
known as American Carriers, Inc.,

        Debtor.

_____

AMERICAN FREIGHT SYSTEM,
INC.,

        Plaintiff-Appellant,

v.

NORMAN R. POWELL,

        Defendant-Appellee.

_____

NORMAN R. POWELL,

        Plaintiff-Appellee,

v.

AMERICAN FREIGHT SYSTEM,
INC.,

        Defendant-Appellant,

No. 97-3296
(D.C. No. 95-4069-SAC)
(D. Kan.)
(214 B.R. 914 & 205 B.R. 290)

and

ANUHCO, INC.,

      Defendant.

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BARRETT**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record,[1] this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. We, therefore, grant the parties' joint motion to expedite this appeal and order the appeal submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    We GRANT American Freight System's motion to strike materials appellee submitted to this court, which had not been previously submitted to the district court. See John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994).

Debtor-appellant American Freight System, Inc. (AFS) appeals the district court's determination that, although it was contrary to the Bankruptcy Code, see 11 U.S.C. §§ 327, 1129(a)(4), paragraph 26 of the bankruptcy court's order confirming the plan of reorganization excused Appellee Norman R. Powell from having to obtain the requisite bankruptcy court approval of an alleged post-confirmation incentive compensation agreement with AFS. See American Freight Sys., Inc. v. Powell (In re American Freight Sys., Inc.), 205 B.R. 290, 301-02, 305 (D. Kan. 1996). Because we conclude that paragraph 26 does not apply to appellee's post-confirmation employment, which was connected exclusively with the implementation of the confirmed reorganization plan, he was required to obtain bankruptcy court approval of any compensation agreement. His failure to do so precludes his claims to enforce such an agreement. We, therefore, reverse the district court's decision.

I.     PROCEEDINGS

The bankruptcy court entered its order confirming the reorganization plan on June 10, 1991. Appellee, who had held various positions with AFS, including president and chief executive officer, vice president and general counsel, alleged that subsequent to the confirmation of the plan, he entered into a verbal employment agreement with AFS. In addition to his salary and benefits based

-3-

upon his position at AFS, he asserted the existence of an agreement through which he would receive an incentive bonus based upon a percentage of the pre-confirmation accounts receivable that he collected as part of AFS's implementation of the confirmed plan of reorganization. See American Freight Sys., Inc., 205 B.R. at 293. Under the plan, the proceeds from those accounts receivable were to be used to pay creditors. The bankruptcy court never considered or approved any such incentive compensation agreement. See id.

In 1994, appellee filed an action in Kansas state court, asserting tort and contract claims based upon the alleged incentive agreement. AFS and the other defendants removed that action to the bankruptcy court. See 28 U.S.C. § 1452(a). Several months earlier, AFS had filed a separate action in the bankruptcy court, requesting a declaratory judgment that appellee did not have an enforceable incentive agreement. The bankruptcy court consolidated these two actions.

The bankruptcy court held that, even assuming the existence of an incentive agreement between appellee and AFS, appellee could not recover under the terms of the agreement because he had failed to obtain the bankruptcy court's approval, as required under 11 U.S.C. §§ 327, 1129(a)(4). The district court reversed that determination, holding that, while § 327 and § 1129 did require bankruptcy court authorization of such employment and compensation, even post-confirmation, paragraph 26 of the bankruptcy court's confirmation order excused appellee from

-4-

this requirement.  See In re American Freight Sys., Inc., 205 B.R. at 301-02, 305.

Because appellee, under paragraph 26, was thus not required to obtain bankruptcy

court approval of his compensation agreement, the lack of approval would not

preclude him from asserting his state law tort and contract claims against AFS.

The district court then remanded the removed litigation to state court, see 28

U.S.C. § 1452(b), and stayed AFS's declaratory judgment action, abstaining in

deference to the state court litigation pursuant to Colorado River Water

Conservation District v. United States, 424 U.S. 800 (1976).  See American

Freight Sys., Inc. v. Powell (In re American Freight Sys., Inc.), 214 B.R. 914,

924-26 (D. Kan. 1997).  AFS appeals only the district court's decision holding

that the lack of bankruptcy court approval does not preclude appellee's state law

tort and contract claims.


II.    APPELLATE JURISDICTION

Appellee asserts that this court lacks appellate jurisdiction because the

district court's decision was not a final order resolving all claims against all

parties.  See 28 U.S.C. §§ 158(d), 1291;[2] see also Farmers Home

---

[2]    Both § 158 and § 1291 provide this court with overlapping appellate jurisdiction over final decisions of the district court acting in review of bankruptcy court determinations.  See Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253 (1992).

Admin. v. Buckner (In re Buckner), 66 F.3d 263, 265 (10th Cir. 1995). This court, however, does have jurisdiction to review the district court's decision addressing whether the lack of bankruptcy court approval precluded appellee's state law claims, entered prior to the remand order and while the district court had control of this action. See City of Waco v. United States Fidelity & Guar. Co., 293 U.S. 140, 142-43 (1934); see also Armstrong v. Alabama Power Co., 667 F.2d 1385, 1387 (11th Cir. 1982); Southeast Mortgage Co. v. Mullins, 514 F.2d 747, 748-49 (5th Cir. 1975).

The consolidation of the federal declaratory judgment action with the removed state court action, and the subsequent decision of the federal district court to stay the federal action, based upon Colorado River abstention, does not otherwise divest this court of appellate jurisdiction. Such a stay order would itself be final and appealable, because the stay effectively puts the litigants out of federal court. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 8-10 (1983).

III.    MERITS

The district court determined that paragraph 26 of the confirmation order, contrary to § 327 and § 1129(a)(4), relieved appellee of any obligation to obtain approval of his alleged incentive compensation agreement. See In re American

-6-

Freight Sys., Inc., 205 B.R. at 301-02, 305. The interpretation of a confirmation order is a legal determination, see Colonial Auto Ctr. v. Tomlin (In re Tomlin), 105 F.3d 933, 941 (4th Cir. 1997), which we review de novo, see Yellow Cab Coop. Ass'n v. Metro Taxi, Inc. (In re Yellow Cab Coop. Ass'n), 132 F.3d 591, 596 (10th Cir. 1997). See also Dais-Naid, Inc. v. Phoenix Resource Cos. (In re Texas Int'l Corp.), 974 F.2d 1246, 1247 (10th Cir. 1992) (reviewing legal question of interpretation of reorganization plan de novo).

Paragraph twenty-six of the confirmation order states, in pertinent part, that "[f]ees and other charges with respect to post-confirmation attorney and other professional services authorized by and provided to the Debtors, or any of them, or Reorganized AFS or Reorganized [American Carriers, Inc.], are not subject to approval of the Court." Appellee's App., ex. E at 17. Read in conjunction with the rest of the order, the reorganization plan, and the disclosure statement, see In re Sugarhouse Realty, Inc., 192 B.R. 355, 363 & n.15 (E.D. Pa. 1996); M&I Thunderbird Bank v. Birmingham (In re Consolidated Water Utils., Inc.), Nos. AZ-96-1417-MERBO, 93-06643-PHX-GBN, 1998 WL 61876, at *2 (B.A.P. 9th Cir. Jan. 9, 1998), however, it is clear that this provision refers only to post-confirmation professional services unrelated to the implementation of the approved plan of reorganization. These documents clearly anticipate that AFS would incur such expenses, post-confirmation, through the operation of its

continuing business, apart from its implementation of the reorganization plan. Consistent with bankruptcy law, such fees and expenses would not be subject to court approval. See Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters., Ltd., II (In re Briscoe Enters., Ltd., II), 138 B.R. 795, 809 (N.D. Tex. 1992), rev'd on other grounds, 994 F.2d 1160 (5th Cir. 1993).

These documents also clearly anticipate, however, that the bankruptcy court would continue to oversee the fees and expenses incurred, both pre- and post-confirmation, during the administration and implementation of the confirmed plan. Paragraph twenty-six does not excuse the requisite bankruptcy court approval of these expenses. See In re Melridge, Inc., 108 B.R. 748, 750-51 (D. Or. 1989). Rather, reading the confirmation order as a whole, and in conjunction with the confirmed reorganization plan, and interpreting these documents, where possible, to be consistent with each other, see, e.g., In re Sugarhouse Realty, Inc., 192 B.R. at 365, and with the requirements of the bankruptcy code, see id. at 368-69; see also In re Minick, 63 B.R. 440, 445 (Bankr. D.D.C. 1986), these documents required bankruptcy court approval of the alleged incentive compensation agreement. See In re Melridge, Inc., 108 B.R. at 750-51 (§ 327 required court approval of post-confirmation expenses incurred in disputes related to consummation of reorganization plan). Because appellee did not obtain the bankruptcy court's approval of his alleged incentive compensation

agreement, he may not seek to enforce that agreement.  See, e.g., DeRonde v. Shirley (In re Shirley), 134 B.R. 940, 943-45 (B.A.P. 9th Cir. 1992).

The judgment of the United States District Court for the District of Kansas is REVERSED, and the case is REMANDED to the district court for proceedings consistent with this order and judgment.

<div style="margin-left:auto;">

Entered for the Court


John C. Porfilio
Circuit Judge

</div>